CHARLES E. SMITH, Plaintiff in Error, vs. THE TOWNSHIP BOARD OF EDUCATION of Township 39, Range 5, Jefferson County, Mo., Defendant in Error.

1. *Schools, sub-district—Formation of, what illegal—Action by teacher for services.* —Under the statute (Wagn. Stat., p. 1245, § 17) a school sub-district cannot be lawfully formed out of territory situated in two townships, without a joint meeting of the township boards of education. The fact that one board held such meeting, and that the individuals constituting the other board, signed a paper purporting to relinquish the territory in their township would not render the formation of the sub-district valid. And no action will lie for services as teacher under a contract made with the local directors of such sub-district.

| *Error to Jefferson Circuit Court.*

*Joseph J. Williams*, for Plaintiff in Error.

I. A teacher is not bound to enter upon an inquiry as to the regularity of the proceedings by which a district is created before making a contract, otherwise no teacher would be safe. If the district has a *prima facie* existence, that is, if it is recognized by the township board as such, and a board of local directors, whether elected regularly or not—holding office under color of right, the contract will be binding.

*John L. Thomas & Bro.*, for Defendant in Error.

I. These boards of education are creatures of the statute and have only statutory jurisdiction, and their authority should be strictly construed. (33 Penn. St., 298; 8 Harris, 324; 1 Barr, 97; 34 Iowa, 306.)

II. A board of education being a corporation can only act in its corporate capacity. The individual members, though a majority or all acting independently, cannot bind the corporation. (22 Ohio, 144.)

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace to recover the amount of an order executed to the plaintiff by one John W. Tullack, clerk of the local board of directors of sub-district No. 6, Township No. 39, Range No. 5, and requiring the clerk of defendant to pay the plaintiff $75 for teaching a school for three months in said sub-district No. 6.

A trial was had before the justice where the plaintiff recovered a judgment for the sum named in the order with costs. The plaintiff appealed to the Jefferson Circuit Court where a judgment was rendered in favor of the defendant. The plaintiff filed a motion for a new trial which was overruled by the court, and the case is brought here by writ of error.

On the trial in the Circuit Court the plaintiff introduced John W. Tullack, as a witness, who testified that himself, G. W. Byrd and Reed Sweet were the local directors of sub-district No. 6, township 39, range 5, from September, 1872 to April, 1873, when they were re-elected to said offices ; that as such directors, they entered into a contract with the plaintiff for the teaching of a school by plaintiff in said district. The contract entered into between said local directors and plaintiff was then offered in evidence. The defendant objected to the contract as evidence, for the reason that there was a variance between it and the pleadings in this, that the contract designated the district in which the school was to be taught as district Nos. 1 and 9, instead of sub-district No. 6. The witness, Tullack, then explained the contract by stating that it was well understood between the plaintiff and said directors, to be a contract to teach a school in sub-district No. 6, and that plaintiff had taught school for three months at a school-house in said distict No. 6, as designated in the records of the board of education ; that the school so taught, commenced on the 6th day of January, 1873. The witness further stated that in the contract offered in evidence, the district in which the school was to be taught was designated as sub-district 1 and 9, which so happened for the reason that the district was composed of parts of two school townships, that is, a part of each of the townships 1 and 9, and the numbers of the two townships were inserted in place of the number of the district, by mistake or oversight ; that all parties intended the contract to be for the teaching of a school in sub-district numbered six, and that the contract was so acted on and the school so kept in sub-district No. 6. After this evidence the contract was read in evidence and the defendant excepted.

The contract was in the usual form except as to the error in the number of the district. The witness, Tullack, further testified, that he, as sub-district clerk of said district six in township No. 39, range 5, gave the plaintiff the order sued on, which was drawn on the township clerk of said township for the sum of $75, at the close of the three months school taught by plaintiff. The order was admitted to be in due form; and it was admitted by defendant, that the order had been filed amongst the papers in the case and was lost. It was also admitted, that the County Court of Jefferson County had, many years ago, numbered the several school townships in the county from one to eighteen, inclusive, and that they were known by their respective numbers prior to the passage of the late school law.

. The plaintiff then read in evidence an entry, on the record kept by the township board of education, for township No. 9, by which it is shown, that at a special meeting of said board held on the 21st day of September, 1872, at which a tract of country composed partly of township No. 1, and partly of township No. 9, was set off and denominated as district No. 6. Also an entry of April 19th, 1873, by which it was shown that John W. Tullack was elected clerk for district No. 6, and that on said last named day, it was resolved by said board, that district No. 6, formed on the 21st day of September, 1872, be abolished, and districts 1 and 5 remain as they formerly were before such organization.

The plaintiff also read in evidence a statement which purported to be signed by the members constituting the board of education of township No. 1, dated August 15th, 1872, and in which they in language relinquished all control over the territory which was afterwards included in district No. 6, and which part of said district was included in township No. 1. This paper did not purport to be a copy of any record or proceedings had by said board of education for township No. 1; but was only an instrument signed by those who signed their names as individual members of said board.

This paper was, at the time, objected to by the defendant for the reason that the paper was not offered as a copy of a record or proceedings of the board, but was simply an instrument signed by individuals who assumed to be members of said board of education. The court overruled the objection and received the evidence; to which action the defendant excepted. Plaintiff also read an entry made on the record of the board of education for township No. 9, made on the 7th day of December, 1872, by which said board rescinded the order made on the 21st of September, 1872, in regard to the formation of district No. 6. It was proved by the clerk that no notice was given of the meeting at which this last order was made.

It is also shown by the evidence, that on the 11th of January, 1873, the board of education for township 9 held a special meeting to inquire into the action of the board in reference to the formation of district No. 6, and on the 21st September, 1872, "after due consideration, decided to let district six stand as organized September 21st, 1872." This was substantially all of the evidence in the case.

There were a number of declarations of law asked by the parties, some of which were given and some refused; but it is not material that they should be noticed as the court evidently decided the case for the defendant on the ground that the evidence failed to show that any such sub-district as sub-district No. 6, was ever legally formed, or in other words, that the attempt to form said district was wholly outside of any authority given to the township board for said purpose. It will therefore not be necessary to notice any other of the various points raised by parties in this court.

It must be recollected that district No. 6 was, if formed at all, formed out of territory partly situated in township numbered 9, and partly situated in township No. 1. The statute authorizing school sub-districts to be formed out of territory included partly in each of two different townships provides, that "the boundaries of such sub-districts shall be established by the boards of education of the various townships

interested, and for the purpose of forming such sub-district, it shall be the duty of the township boards interested to meet at some central point in said sub-district, designated by notice—said notice to be given by either of the townships interested—and proceed to lay off and define the boundaries of such sub-district; and if fractional parts of any of such subdistricts shall be situated in two or more counties the directors shall forward a list, etc."

In the present case no joint meeting of the different boards of education of the different townships concerned was ever held or attempted to be held for the purpose of forming district No. 6. The notice was for a meeting of the board of education of township numbered 9, and they attempted to form a district out of territory, a part of which was in another township, which said board had no power to do. And it makes no difference that the individuals constituting the board of education of the other township concerned, signed a paper purporting to relinquish any control over the part of the territory in the township which they represented. This paper was a mere nullity and ought to have been excluded by the court. If a meeting had been held by the joint boards of the two townships, and the school district organized, although there might have been irregularities in the meeting and in the formation of the district, we would be disposed to overlook any mere irregularities which should have taken place; but where no attempt was made to conform to the law, by holding the joint meeting provided for, the action of the board cannot be upheld; nor can the formation of such sub-district be sustained under such circumstances. (Ohio, etc. vs. The Treasurer of Liberty Township, 22 Ohio, 144; The District, etc. vs. The District of Burr Oak, 34 Iowa, 306, and cas. cit.)

The judgment will be affirmed; the other judges concur.