THE STATE *to use of the* BOARD OF EDUCATION OF CAPE GIRAR-    69  515
DEAU, *Appellant*, v. TIEDEMANN.    54a 208|

1.  **Cape Girardeau Court of Common Pleas**: CHANGE OF VENUE.
    The Cape Girardeau court of common pleas has power to order a
    case pending before it to be sent to the circuit court of another
    county for trial upon proof of prejudice on the part of the inhabit-
    ants of Cape Girardeau county.

2.  **Board of Education**: MECHANIC'S LIEN; BREACH OF BUILDER'S
    BOND.  A board of education having contracted with a builder for
    the erection of a public school house, took from him a bond con-
    ditioned to secure the faithful performance of the contract.  The
    builder having procured materials to be furnished and work to be
    done on the building, failed to pay for them, whereupon the labor-
    ers and material men brought their actions to enforce mechanics'
    liens against the building, and obtained judgments, and the board
    paid the judgments.  In an action on the bond;  *Held*, that these
    facts constituted a breach of its conditions, and the board was enti-
    tled to recover the amounts so paid.

3.  ———: CONTRACT: HOW A SINGLE MEMBER MAY BIND THE BOARD.  A
    single member of a board of education cannot alter a contract al-
    ready made by the board, unless he is previously authorized, or his
    act is subsequently ratified by the board duly assembled as such.
    (*Johnson v. School District*, 67 Mo. 320.)

*Appeal from Madison Circuit Court.*—HON. LOUIS F. DINNING,
Judge.

*Wilson Cramer* for appellant.

*Louis Houck* and *Sam M. Green* for respondent.

NORTON, J.—This is a suit founded on a bond executed
by defendant, for alleged breaches of a contract under seal
for building a school house.

The contract is set forth in the petition, and by its terms
the defendant undertook and agreed to furnish the neces-
sary materials and erect a public school building on certain
lots belonging to the board of education of the city of
Cape Girardeau, for which defendant was to receive $15,000,
to be paid in bonds at ninety cents on the dollar.  Pay-
ments were to be made every thirty days for material fur-

nished and labor performed, on estimates made by the superintendent, and full payment was to be made on the completion of the building and its acceptance by the building committee. Under the contract the building was to be completed by the 1st day of February, 1872. At the time the contract was entered into defendant executed the bond in suit, containing the following condition:

"Now, if the said Diedrich F. Tiedemann and Frederick Tiedemann shall, in all things, stand to and abide by the covenants, agreements and obligations in said contract contained, on his or their part, to be kept and performed, and at the time and in the manner therein specified, then the foregoing obligation to be void, otherwise to remain in full force."

Various breaches are assigned in the petition, the most material and important of which are that defendant failed to furnish the materials and complete the building by the 1st day of February, 1872; and that plaintiff was compelled to pay various mechanics' liens on said building, aggregating $3,421 in excess of the contract price.

The defendant, in his answer, denies the material allegations of the petition, and sets up that by consent of defendant, and at the instance of the building committee, the written contract was abandoned and rescinded, and a new contract made, whereby plaintiff undertook to pay the reasonable value of the building; that plaintiff took possession of the building before completion, and prevented defendant from completing.

The new matter set up in the answer was denied by replication. The cause was tried in the Madison county circuit court, to which it had been transferred by an order of the Cape Girardeau court of common pleas, changing the venue; the trial resulted in a judgment for defendant in the sum of $2,000, from which plaintiff has appealed.

The principal grounds of error to which our attention has been called are, that the Madison circuit court had no jurisdiction to try the cause; that the court erred in giving

improper and refusing proper instructions, in receiving illegal and refusing to receive legal evidence.

The question as to the jurisdiction of the Madison circuit court must be determined adversely to the claim of plaintiffs. The causes assigned in the application for a change of venue are, that the inhabitants of Cape Girardeau county are so prejudiced against defendant that he could not have a fair trial, and that plaintiff exercised an undue influence over said inhabitants. These causes were sufficient under the act of November 14th, 1855, providing for changes of venue in civil cases, and the act of 1861, page 517, authorized the court of common pleas to change the venue of civil cases for like causes and with like effect, as provided in said act of 1855. It certainly could not have been the intention of the Legislature to have authorized the court of common pleas to change the venue of a cause on account of the prejudice of the inhabitants of the county, and at the same time required, as plaintiffs insist, that the venue should be awarded to the circuit court of the same county where this prejudice was alleged to exist.

1. CAPE GIRARDEAU COURT OF COMMON PLEAS: change of venue.

The following instructions asked by plaintiff, were refused: 1. The court instructs the jury that under the contract, the defendant was bound to furnish all the necessary material and labor for the erection of said building according to the specifications and plans, and that if you find from the evidence that the defendant did not furnish the material and labor necessary, or that defendant purchased material and hired labor done, but did not pay for the same, and that by reason of such failure of the defendant so to pay, the parties so furnishing the material and labor filed their liens against the property of the plaintiff, and obtained judgment against plaintiff on these demands, and that plaintiff was compelled to pay, and did pay such liens and judgments, those facts constitute a breach on the part of defendant, and plaintiff is entitled to recover of defendant any and all sums of money that he may have so paid

with interest at six per cent. from the date of payment. 2. The jury is instructed that parol contracts may be binding on aggregate corporations, if made by an agent duly authorized by a corporate vote, or under the general regulations of the corporation, and contracts may be implied on the part of such corporations from their corporate acts, or those of any agent whose powers are of a general character. The law is that a majority of the members of the board of education may properly transact business, and it is only when duly assembled as such board of education that a majority thereof may properly do official business, and every decision of the majority of the board of education, so duly assembled as the board of education, is a valid act of such board only.

We are of the opinion that the court erred in refusing the above declarations. Under the contract, it was clearly 2. BOARD OF EDU-CATION: mechanic's lien: breach of builder's bond. the duty of defendant to furnish the materials and labor for constructing the building, and if plaintiff was compelled to pay for such materials and labor, the jury should have been told, as in the above instruction was asked, that such payments were properly chargeable against defendant. It is but common justice that if plaintiff was compelled to pay the debts contracted by defendant for labor and materials furnished in erecting the building, and which, under the contract, he was bound to pay for, they should be allowed to recover the sums thus paid in excess of what defendant was to receive, and did receive under the contract. The sixth instruction, given for defendant, recognizes the correctness of this principle, but authorizes the jury to give effect to it only in the event that they should believe the original contract was abandoned, and a new contract entered into.

The second, of the above instructions, embraces the principle enumerated in the following cases, and ought, there-3. ——: contract: how a single member may bind the board. fore, to have been given: *Barcus v. Hann.*, *Ralls Co. & Paris Plank R. Co.*, 26 Mo. 105; *Chambers v. Board of Education*, 60 Mo. 380;

*Johnson v. School Dist.*, 67 Mo. 320. As observed in the case of *Chambers, supra :* " The loose conversations between members of the board and contractor, after a formal execution of a written contract between the board and contractor, cannot be allowed to vary the written contract It would be unsafe to allow such parol variations, and the well settled rules of law forbid it." As the cause will be remanded, it is proper to observe that the declaration made by Green, one of the board of education, at Cramier's store, should not be received as evidence, unless it is shown that he had been authorized by the board as such, to change the contract, or, unless he reported his action to the board of education, while acting as such, and it was by them approved. Judgment reversed and cause remanded. All concur.

REVERSED.