THE STATE ex rel. JACK EDWARDS v. JAMES
ELLISON et al., Judges of Kansas City Court of
Appeals.

In Banc, June 1, 1917.

.1. **LOCAL OPTION ELECTION: Valid on Face: Subsequent Election
Within Four Years.** The record of the county court showing on
its face a valid local option election held in 1912, at which the
Local Option Law was not adopted, is a complete bar to a prose-
cution for a violation of the Local Option Law adopted in 1913;
for, if the record on its face shows a valid election held in 1912,
the county court had no authority to call another election with-
in four years, and will not be presumed, in face of such a record,
to have acted within its jurisdiction in doing so.

2. ———: ———. ———: **Jurisdiction.** No election can be held un-
less provided for by law, and a local option election held with-
in four years of another valid election is absolutely void and
has no greater force than no election at all; and where the record
of the county court discloses a judgment which on its face estab-
lishes a valid local option election held in 1912, it discloses a
lack of jurisdiction in the county court to call another election
held in 1913.

   *Held*, by WOODSON, J., dissenting, that as the Constitution de-
   clares that "in each county there shall be a county court,
   which shall be a court of record, and shall have jurisdic-
   tion to transact all county and such other business as
   may be prescribed by law" and the Legislature has conferred
   upon said court original, general and exclusive jurisdiction
   over local option elections in the county, its judgments in
   such election proceedings are entitled to the same weight
   and verity as are those of a circuit court, and cannot be at-
   tacked and impeached in a collateral proceeding; and the
   election held in 1913 cannot be held invalid on the sole ground
   that the county court record shows on its face that a valid
   election was held in 1912, for where jurisdiction depends upon
   the existence or non-existence of a fact, the law presumes,
   from the mere fact that the court assumed jurisdiction to
   order an election in 1913, that the court found the non-exist-
   ence of the fact necessary to confer jurisdiction in 1912, and
   further presumes from that fact that the election in 1912 had
   been set aside or nullified.

3. ———: **Invalidity Established by Contest.** If there was a valid
   local option election held in 1912, the county court had no juris-

diction to call another election in 1913, and its order calling it, and the election itself held in pursuance thereto, were void, and it is not necessary to resort to a contest proceeding to have it declared void, but the point of its invalidity may be raised in a prosecution for a violation of the Local Option Law alleged to have been adopted in 1913.

## Certiorari.

*Roy W. Rucker* for relator.

*Roy W. Rucker* for relator.

(1) The local option election of 1913 was void because ordered at a time not authorized by the statute. Ex parte Lucas, 160 Mo. 280; State ex rel. v. Patterson, 207 Mo. 146; Miller v. Staggs, 181 S. W. 116; State ex rel. v. Jenkins, 43 Mo. 261. (2) When a court of inferior jurisdiction is acting under special statutory directions, such directions must be strictly observed, and all juris-, dictional facts must affirmatively appear on the face of the record before such court acquires jurisdiction of the subject-matter. State v. Metzger, 26 Mo. 65; Sturgeon v. Hampton, 88 Mo. 203; Gibson v. Vaughan, 61 Mo. 420; Rohland v. Railroad, 89 Mo. 182; State ex rel. v. Harris, 96 Mo. 37; Butler v. Sullivan County, 108 Mo. 637; Young v. Downey, 145 Mo. 260; Sutton v. Cole, 155 Mo. 213; Langston v. Canterbury, 173 Mo. 131; Doddridge v. Patterson, 222 Mo. 155.

*Roy B. McKittrick* and *John D. Taylor* for respondent.

(1) This court will pass upon the one question, i. e., does the opinion of the Court of Appeals conflict with the last controlling decisions of this court. State ex rel. v. Ellison, 181 S. W. 998. (2) The opinion of the Court of Appeals is in all particulars in harmony with the controlling opinions of this court. (a) The statutory remedy of contest is exclusive. State ex rel. v. Ross, 245 Mo. 45; State ex rel. v. Carter, 257 Mo. 56. (b) On the question of collateral attack of the judgment

of the county court in calling the election of 1913. Lingo v. Burford, 112 Mo. 155; Lumber Co. v. Carroll, 255 Mo. 367; State ex rel. v. Evans, 240 Mo. 105; Tie & Lumber Co. v. Pulliam, 237 Mo. 19; State ex rel. v. Taylor, 244 Mo. 261; State ex rel. v. Wilson, 216 Mo. 274; Shivley v. Lankford, 174 Mo 547. (3) The following authorities sustain the opinion of the Kansas City Court of Appeals rendered in State v. Edwards, and are in harmony with the controlling decisions of this court. (a) The county court acquired jurisdiction to call the election held on June 7, 1913, upon the filing of a legal petition praying for the holding of a local option election. State v. Gamma, 149 Mo. App. 704; State v. McCord, 207 Mo. 526; State ex rel. v. Weeks, 38 Mo. App. 573; State ex rel. v. Bird, 108 Mo App. 163; State v. McCord, 124 Mo. App. 63. (b) The acts of the county court in passing upon the sufficiency of the local option petition and in making orders subsequent thereto in calling a local option election are judicial in their nature, and the court having acquired jurisdiction by the filing of petition, the orders of the court have the effect of a judgment. State v. Gamma, 149 Mo. App. 704. And the orders or judgment so made are not subject to collateral attack. State ex rel. v. Wilson, 216 Mo. 215; Deslodge v. Tucker, 196 Mo. 601; School District v. Chappel, 155 Mo. App. 498; Smith v. Young, 136 Mo. App. 65. (c) Sec. 7238, R. S. 1909, confers jurisdiction on county courts to call local option elections upon the filing of a lawful petition, and section 7244 does not deprive the court of that jurisdiction, but is merely a limitation of the jurisdiction of the county court, and an order submitting a local option election in conflict with that section, is not void but merely voidable. Smith v. Black, 231 Mo. 681; 17 Am. & Eng. Ency. Law (2 Ed.), 1042-1048. And the fact that no appeal will lie, does not change this rule. State v. Schelkel, 129 Mo. App. 240. (d) By the amendment of 1909, Section 7242 of the Local Option Law provides an adequate remedy of contest, and this remedy is exclusive, and every question touching the legality and validity of the election from the filing of the petition, and its sufficiency, to the publication of results can be reached

thereby. Sec. 7242, R. S. 1909; State ex rel. v. Ross, 161 Mo. App. 682; State ex rel. v. Ross, 245 Mo. 45; State ex rel. v. Carter, 257 Mo. 56; Young v. Commonwealth, 77 Ky. 161; Longmeyer v. State, 171 S. W. 1165; Rhodes v. State, 172 S. W. 252; Moffitt v. People, 149 Pac. 104. (e) One on trial for violating the Local Option Law cannot attack the validity of the proceedings for the local option election or the result thereof by a special plea or otherwise. Black on Intoxicating Liquors, sec. 103; State v. McCord, 207 Mo. 527; Woodward v. State, 103 Ga. 496; Young v. Commonwealth, 77 Ky. 161; Fike v. State, 25 Ohio C. C. 554; Longmeyer v. State, 171 S. W. 1165; Rhodes v. State, 172 S. W. 252; Moffitt v. People, 149 Pac. 104.

BLAIR, J.—Relator was prosecuted and convicted in the Chariton Circuit Court for violation of the Local Option Law. He appealed to the Kansas City Court of Appeals, which affirmed the judgment (State v. Edwards, 192 Mo. App. 413), whereupon relator sued out this writ of *certiorari,* which brings here the record of that court. The question presented is whether the decision and opinion of the Court of Appeals conflict with decisions of this court.

It appears from the opinion that the record on appeal disclosed that on the trial of relator in the Chariton Circuit Court the State offered record evidence showing an election had been held in Chariton County on June 7, 1913, and this record on its face "and considered by itself   .   .   . shows that a valid election was held in said county on June 7, 1913, at which the county declared for prohibition, and that the same was duly put in force by proper notice." The opinion also states defendant "offered in evidence a record of the county court pertaining to an alleged local option election held on March 18, 1912, resulting in the defeat of prohibition by a majority of 99." The court then states that appellant (relator here) contended the election of June 7, 1913, was a nullity because "held within four years after the first election, in violation of Section 7244, Revised Statutes 1909;" that with respect "to the first

election defendant offered nothing except the county court record, and made no attempt to show that the validity of said first election, as established by said first record, had remained unimpeached down to the time of the ordering of the second." This sufficiently epitomizes the facts forming the basis of the decision of the Court of Appeals.

Upon these facts that court held, *seriatim*: (1) that the acts of the county court in entertaining a petition for a local option election, in determining the sufficiency of the petition and the qualifications of the petitioners, and in calling a local option election, are judicial in their nature, and the record of the county court made therein partakes of the nature of a judgment; (2) that the orders or judgment so made are not open to collateral attack; (3) that jurisdiction of the county court over the subject-matter of local option elections is conferred by Section 7238, Revised Statutes 1909, and "the presentation of a petition properly signed calls the court's jurisdiction in the particular case into action or exercise"; (4) that if a valid local option election had been held within four years prior to the filing of the petition for the election on June 7, 1913, it was the county court's duty, under Section 7244, Revised Statutes 1909, to decline to call the election, but the court's jurisdiction over the subject-matter was not destroyed; that "its power to call the election was merely dependent upon the fact whether a valid election had been held within four years;" that "Section 7244 means a *valid* election; for a void election is no election and cannot prevent a subsequent one; hence the act of the county court in calling the election of June, 1913, was not void for want of jurisdiction but only voidable, in case the former election was valid." The court then held that the distinction between jurisdiction of the subject-matter and the exercise of jurisdiction in a particular proceeding is "the difference between a wrongful execution of power to hear and determine . . . and a lack of power to hear the matter at all." It then held that "the act of the county court in calling the election of June, 1913, was an exercise of the jurisdiction it had over the subject-matter of local option elections," and was not subject to collateral attack.

It concluded that "the existence of the first judgment of
the county court, which on its face establishes an election
held in March, 1912, does not change the situation. The
presumption is that the county court heard and acted
upon the petition in entire accordance with the law and
made the second order in obedience thereto and in ac-
cordance with its duty, and that since the first election
something must have happened which allowed the court to
grant the second petition without violating Section 7244.
For while the rule is that there is no presumption in
favor of the jurisdiction of courts of special and limited
jurisdiction, that rule applies only to their jurisdiction
over the subject-matter." The court further concluded
(1) that the election of June, 1913, was only voidable and
not open to the attack made; and (2) that the remedy by
contest was exclusive. If either of these conclusions is
correct, the judgment of affirmance was correct.

I. Section 7238, Revised Statutes 1909, requires the
county court of any county upon the reception of a peti-
tion signed by ten per cent of the qualified voters living
outside of cities of 2,500 inhabitants to order
an election to determine whether intoxicants
may be sold thereafter in the territory affect-
ed. Restrictions as to the time when such an
election may be held are prescribed.

*Local Option Election: Jurisdiction.*

Section 7244, which almost exactly in its present form
constituted a part of the original Local Option Act (Laws
1887, p. 182, sec. 7), reads as follows:

"Whenever the election in this article provided for
has been held, and decided either for or against the sale
of intoxicating liquors, then the question shall not be
again submitted within four years next thereafter in the
same county or city, as the case may be, and then only
on a new petition and in every respect conforming to the
provisions of this article."

Relator contends that in holding that though the
record of the county court showed an election, valid on
the face of that record, had been held in 1912, yet that
court could call another election within four years and

that it would be presumed to have acted within its juris-
diction in doing so, the Court of Appeals brought its de-
cision into conflict with decisions of this court. It is the
law of this State that "no election can be held unless
provided for by law" (State ex rel. v. Jenkins, 43 Mo.
l. c. 265), and it is also the law, announced by the St.
Louis Court of Appeals (In re Wooldridge, 30 Mo. App.
l. c. 618), and subsequently approved by this court (Ex
parte Lucas, 160 Mo. l. c. 280), that a local option election
held in a city of over twenty-five hundred inhabitants
within forty days of a municipal election is absolutely
void and "has no greater force than no election at all."
In such case this court has declared that an election not
held within the proper time was void "because the courts
were acting outside and beyond their respective jurisdic-
tions, and consequently their orders were null and void."
The Wooldridge case is one of those referred to. This
court added (State ex rel. v. Patterson, 207 Mo. l. c. 147):
"This is true for the reason that a court of limited juris-
diction, and inferior courts not proceeding according to
the course of the common law, are confined strictly to the
authority given; and the records of such courts must show
the existence of all facts necessary to give jurisdiction."

In this case the record of the county court, according
to the Court of Appeals, discloses a "judgment    .   .   .
which on its face establishes an election held in March,
1912." In our opinion, this appearing, the record dis-
closes lack of jursidiction to call the election in 1913. Let
it be conceded, as the opinion of the Court of Appeals
states, that "the rule that there is no presumption in
favor of the jurisdiction,   .   .   .   .   applies only to their
jurisdiction over the subject-matter." Nevertheless,
when the court said that that "jurisdiction over the sub-
ject-matter," in every instance, is conferred upon the
county court to call an election under the Local Option
Law by the filing of a petition sufficient under Section
7238, Revised Statutes 1909, it brought its opinion into
conflict with the decisions of this court already cited.

County courts have no inherent authority to call local option elections. Their jurisdiction is derived solely from the statute. Section 7238 authorizes, generally, the calling of an election, and Section 7244 specifically prohibits its being called during a named period. The court has no more jurisdiction to call such an election during a period covered by Section 7244 than it would have to call one if there were no Section 7238. Section 7244 is as much a limitation upon Section 7238 as if it had been incorporated therein. It is as much a limitation as the provision that no local option election shall be held within forty days of a municipal or other election. It is a direct negation of the power and jurisdiction of the county court to act in the circumstances named and, in this case, those circumstances appear from the record of the county court and from the opinion of the Court of Appeals. The Court of Appeals proceeds upon the theory that the case made showed a valid election in 1912. That being true, it showed the condition which brings into operation Section 7244, and that section, when brought into operation, simply negatives the power, and jurisdiction of the county court to call another election until the lapse of the specified period. Counsel say that the filing of the petition in 1913 gave the county court jurisdiction, and then argue that its subsequent acts are not subject to collateral attack. The trouble with this contention is that it begins by begging the only question involved on this branch of the case. The question is, on the facts stated by the Court of Appeals, simply whether the county court within four years after one local option election has jurisdiction to call another. The cases holding that all acts of the county court after it *acquires* jurisdiction, are usually presumed to be properly performed and are voidable only in a direct proceeding, are beside the question here. The cases cited (see briefs) which hold that the county court gets jurisdiction of local option election proceedings upon the filing of a petition under Section 7238 are all cases in which no question of a previous election was involved, and, of course, in such circumstances, Section 7238 was the only applicable section.

Our conclusion on this question is that the Court of Appeals decision that though the case made showed a valid local option election in 1912, yet the county court had jurisdiction, despite Section 7244, to call another election, conflicts with the decisions already mentioned.

We are of the opinion that the failure of the record of the county court to show an election within four years prior to the filing of a petition for an election under the Local Option Act automatically becomes a part of the record of the proceeding and that the fact no such election has been held in four years sufficiently appears, when it exists, from the record itself without any additional special showing made or finding entered at the time. On the other hand, when the record shows such valid prior election within four years it deprives the court of all jurisdiction to act in calling another election, and presumptions cannot be invoked to aid the proceeding. The decisions to the effect that the filing of the petition confers jurisdiction of the subject-matter are well enough when the court has power to act and, in such circumstances, the orders and judgment made are not open to collateral attack, but these decisions are not applicable to the facts of this case any more than they were to those involved in In re Wooldridge, supra. The principle announced in that case is adopted and re-announced in decisions of this court.

II. Another ground of affirmance set forth in the opinion of the Court of Appeals is that the Legislature has provided a method of contesting local option elections, and that this procedure is exclusive, and, consequently, relator's attack upon the election of June 7, 1913, cannot be heard. State ex rel. v. Ross, 161 Mo. App. 671; State ex rel. v. Ross, 245 Mo. 36; State ex rel. v. Carter, 257 Mo. 52, are cited. This view must proceed on the hypothesis that the election of 1912 was valid. The cases cited do not go the length of holding that a contest must be instituted to determine the validity of an election when, in the eyes of the law, no election has been held. Within four years after one local option election has been held,

the county court has no more right or power to call another than has the probate court or a justice of the peace. It has no more power to call such an election than it would have to call a special election for Governor. Can it be that when there has been no jurisdiction to call an election and, therefore, no election has been held, so far as its legal effect is concerned, one must nevertheless bring a contest proceeding or be barred from showing there was no election? We do not regard the cases cited as supporting such a conclusion, and we think that conclusion out of harmony with decisions announcing principles, as we have concluded, requiring the conclusion that a local option election held within four years of another valid election is no election at all. It may be the first election was, itself, invalid. That question is not involved in this proceeding. If it was so, it could not suspend the power of the county court to act. The record of the Court of Appeals is quashed.

*Graves, C. J., Faris* and *Williams, JJ.*, concur. *Graves, C. J.*, in separate opinion: *Walker, J.*, dissents; *Woodson, J.*, dissents in opinion filed; *Bond, J.*, not sitting.

GRAVES, C. J. (concurring).—My views go somewhat further than those expressed by our learned Brother BLAIR. I concur with him in much that he says so far as he goes, but he has written cautiously.

It is sound doctrine in this State that the jurisdictional facts in the county court must appear somewhere upon the face of the record. In other words, the record must bespeak jurisdiction. We do not mean by this that any particular portion of the record must show the jurisdictional facts; but we do mean that such jurisdictional facts must appear somewhere in the record. A citation of authority upon this well-settled rule would be useless.

Now, as is well said by the principal opinion, Section 7244, Revised Statutes 1909, must be read with the section of the statute conferring jurisdiction upon county courts in these matters. When so read it creates an exception to the general grant of jurisdiction in Section

7238, Revised Statutes 1909. With this exception as to jurisdiction written in the very law, the record of the county court in this particular election should show that no valid election had been held upon the question within four years, and without such showing (from the record) there is a failure to show a necessary jurisdictional fact. The petition might have negatived the fact, and thus have conferred jurisdiction, or the order of the court might have found the fact, and thus have saved the jurisdiction, but the record here (as to the 1913 election) is silent on this jurisdictional fact. Its silence precludes jurisdiction, when the law says the record must bespeak jurisdiction. A petition which does not aver that no previous election has been held within four years is fatally defective, and unless this deficiency is cured by other portions of the record (and it is not in this case), the record fails to show the pre-requisite jurisdictional facts. On the face of the very record in the 1913 proceeding the order was void for want of jurisdiction.

Where there has been no valid order for an election, or where the order and records fail to disclose jurisdiction in the court to order an election, it can be attacked collaterally, and no one is bound to contest such void election, to have its nullity declared.

WOODSON, J. (dissenting).—County courts are created by Section 36 of Article 6 of the Constitution and are declared to be courts of record.

That section reads: "In each county there shall be a County Court which shall be a court of record, and shall have jurisdiction to transact all county and such other business as may be prescribed by law."

From this section it is seen that the County Court of Chariton County is a court of record, and has jurisdiction to transact not only the county business, but also *such other business as may be prescribed by law;* and it is conceded that the Legislature has conferred upon that court original, general and exclusive jurisdiction over local option elections.

From this, it must follow, it seems to me, as a self-evident truth, as held by all of the authorities, since the adoption of the Constitution of 1875, that the judgments of a county court, when acting within the scope of its general authority, are entitled to the same weight and verity as are those of a circuit court, and cannot be attacked and impeached in a collateral proceeding. [McKenzie v. Donnell, 151 Mo. 431; State ex rel. v. Wilson, 216 Mo. 215.] The same is true of probate courts. [Johnson v. Beazley, 65 Mo. 250; State ex rel. v. King, 76 Mo. 510; Henry v. McKerlie, 78 Mo. 416, 1. c. 429, 430; State v. Daniels, 66 Mo. 1. c. 205; McKenzie v. Donnell, 151 Mo. 1. c. 450; In re Estate of Jarboe v. Jarboe, 227 Mo. 59, 1. c. 99; Desloge v. Tucker, 196 Mo. 589, 1. c. 601; Ancell v. Bridge Co., 223 Mo. 209, 1. c. 227; Cox v. Boyce, 152 Mo. 577, 1. c. 584; Rogers v. Johnson, 125 Mo. 202, 1. c. 213.]

The foregoing legal propositions being uncontrovertible, if applied to the facts of this case it seems to me that there is no escape from the conclusion that the majority opinion holding that the election held on June 7, 1913, is void, is clearly erroneous.

Concede, which we must, for the records show that a previous local option election had been held in that county on March 18, 1912, which was within four years previous to the one mentioned and held on June 7, 1913, the same being within the period prohibited by statute, that is, the statute expressly prohibits a local option election from being held within a period of four years after a previous one has been held in the same county, then how stands the case? According to the plain letter of the statute mentioned, the election held on June 7, 1913, was invalid, and is of no force or effect, if the election held on March 18, 1912, was valid; that cannot be questioned. But upon that showing the real question is, which one of the two elections mentioned is valid? Here are two judgments of the county court, one adjudging that a local option election had been held in Chariton County on March 18, 1912, and the other that a similar election had been held therein on June 7, 1913. As previously stated, under the statute mentioned, both of those things cannot be

legally true, so we must look at the whole record and see which is legally correct.

The majority opinion, after viewing the record, holds that the second election is void because the first judgment discloses a similar election had been held within the prohibited period and that it must therefore be void, because the county court had no jurisdiction to order the second election to be held.

In my opinion, that argument is more plausible than sound, for the reason that the apparent conflict between the two judgments may be fully and rationally explained upon legal grounds, provided the last election should be held valid, but not the first. I say this for the reason that if it was legally possible for the first election to have been null and void for any reason and was in fact void, then unquestionably the second election would not have been prohibited by said statute for the obvious reason that the statute refers to a valid and not a void election. Let me illustrate the idea I have in mind. Suppose the county court had ordered the first election held without a petition having been signed or filed asking for the same, as required by statute, and that it had been ordered and held and the court had declared the election carried, and suppose further that shortly thereafter the validity of the record and judgment of the county court declaring the election carried and that local option was in force in that county, had been properly brought to this court by writ of *certiorari*, and that this court had found the election void for lack of the petition, and had held that said court had no jurisdiction on that account to order the election, and for that reason had quashed the record of the same; could it then be seriously contended that the county court would not have had jurisdiction to order the second election? Certainly not, for the reason that said pretended election of March 18, 1912, would have been absolutely null and void; in fact, no election at all, an empty form, and would therefore have constituted no bar to holding a second election within the said four years.

Not only the foregoing might be true, but the first election might have been void for numerous other reasons

not here necessary to state, which likewise would not have constituted a bar to the second election.

This proceeds upon the theory that where the law requires a court, even one of limited and inferior jurisdiction, not proceeding according to the common law, but according to a constitutional provision or statutory enactment, to find the existence or non-existence of jurisdictional facts, as the case may be, the law will presume from the mere fact that the court assumed jurisdiction of the cause, that it found the existence or non-existence of the facts conferring jurisdiction over the cause. [State ex rel. v. Wilson, supra.]

That presumption is abiding and conclusive until the jurisdictional facts are *fully and completely disproven.*

If that was not true, then the solemn judgment of a circuit court rendered upon a promissory note, after a previous judgment thereon had for good cause been set aside, could be impeached and nullified by simply introducing in evidence the previous judgment, which as a matter of fact had been set aside.

The law in that case, as in the one at bar, presumes that the former judgment had been set aside or nullified and for naught held, before the second judgment was rendered.

In other words, in the absence of any showing to the contrary, the law presumes the county court, which had original and exclusive jurisdiction of local option elections, investigated the jurisdictional facts and found the first election void, and correctly ordered the second election to be held because the former was no bar to the latter. But it may be argued that the county court has no authority to pass upon the validity of a local option election. In a strict legal sense that may be true, but where from the face of the record it clearly appears that the county court acquired no jurisdiction of the particular cause and for that reason, and perhaps for any other so appearing, the judgment was absolutely void, then upon the most fundamental principles of law that judgment may be

completely ignored or attacked in a collateral proceeding.

For the reasons stated I dissent from the majority opinion.