THE STATE ex inf. JESSE W. BARRETT, Attorney-General, ex rel. A. B. Cutler et al., Appellants, v. V. E. FOXWORTHY et al.

### Division Two, December 3, 1923.

1. **SCHOOLS: Organization of Consolidated District: As Affected by Election of Directors.** The Constitution (Art. 8, sec. 3) requires all elections by the people to be by ballot, and an election for school directors is an election by the people. But where the meeting for the organization of a consolidated school district was regularly and legally called, the question of organization was submitted in statutory form to the voters as the first order of business, the vote was taken by ballot in strict conformance with the statute and a large majority of the legal voters present voted "for consolidation," the legality of the organization was not affected by the fact that, in the next order of business, the election of directors, six directors were elected separately "unaminously by acclamation," instead of by ballot, as the Constitution and statute require, but the district was organized when the ballots to organize were cast and counted:

2. ————: **De Facto Directors.** Directors elected "unanimously by acclamation" at the meeting at which the consolidated school district was organized, who afterwards met and in due form proceeded, without objection, to organize as a board, and as such board conducted the business of the district for nearly two years, were *de facto* officers, and their acts were valid until they were ousted, including their acts by which they elected directors to take the place of those who resigned, the same as if they had been legally elected by ballot in the manner the Constitution and statute prescribe.

Appeal from Daviess Circuit Court.—*Hon. Arch B. Davis, Judge.*

AFFIRMED.

*John C. Leopard & Son* for appellants.

''All elections by the people shall be by ballot; every ballot voted shall be numbered in the order in which it shall be received, and the number recorded by the election officers on the list of voters, opposite the name of the voter who presents the ballot.'' Constitution of Missouri, art. 8, sec. 3. An election for school director is an election within this section. State ex rel. v. St. Louis School Board, 112 Mo. 213. To organize as a consolidated school district, the law requires two things to be done: first, an election upon the question of organization; second, an election of directors, conducted in compliance with the law. Secs. 11259, 11237, R. S. 1919.

*J. W. Alexander, J. A. Selby* and *Dudley & Brandom* for respondents.

(1) An illegally elected officer is a *de facto* officer and his acts are legal until he is ousted. Wilson v. Kimmell, 109 Mo. 263; St. Louis v. Sparks, 10 Mo. 121; State v. Douglas, 50 Mo. 593; State v. Bierberger, 90 Mo. 375; Harbaugh v. Windsor, 38 Mo. 327; 22 R. C. L. 596, par. 317, also p. 664, secs. 5, 6; State ex rel. Moorehead v. Cartwright, 122 Mo. App. 257. One in possession of an office and in the performance of the duties attached to it is a *de facto* officer. 29 Cyc. 1389; State ex rel. Moorehead v. Cartwright, 122 Mo. App. 257. The acts of a *de facto* officer, whether judicial or ministerial, are valid so far as the rights of the public or third persons having an interest in the things done are concerned. Fleming v. Mulhall, 9 Mo. App. 71; Harbaugh v. Windsor, 38 Mo. 327; Powers v. Braley, 41 Mo. App. 556; Macy v. Stark, 116 Mo. 481; State ex rel. Johnson v. Badger, 90 Mo. App. 183; State ex rel. Sommer v. Dowell, L. R. A. 1918D, 1077, 1079. (2) Section 11259 is directory and not mandatory. It is the well-established rule in this State that if the statute merely requires certain things to be done and nowhere prescribes the result that shall follow, if such things are not done, then the statute should be held to be directory. State ex inf. Atty. Gen. v. Bird,

244 S. W. 939. (3) No strict or technical construction is to be put upon the statute authorizing the organization of consolidated school districts. It was designed as a workable method by plain, honest worthy citizens not specially learned in the law, and that the record of a meeting held for the organization of a consolidated district which showed, "moved and seconded that six directors be elected for terms as follows, two for three years, two for two years and two for one year;" where the result was: "M. W. Jones and W. S. Connelly for three years; R. E. Bray and M. Johnson 'or two years; G. E. Grafeus and B. A. Lawhorn for one year," was a sufficient compliance with the statute. State ex inf. v. Jones, 266 Mo. 199.

WHITE, J.—The relators, in the Circuit Court of Daviess County, sought to oust the respondents, who assumed to act as directors of alleged Consolidated School District Number Three of Daviess County, Missouri, which consolidated district, respondents claim, was created by the merger of five districts, all in said Daviess County, by virtue of an election held on the twenty-fourth day of December, 1920.

The Circuit Court of Daviess County held that said consolidated district was duly organized; that when this action was instituted Otis Johnston, A. C. Jennings, Roy Scott and Clem Reid were duly elected, qualified and acting directors of said district, entitled to the privileges, etc., appertaining to that office; that respondents Foxworthy and Shoemaker were not then duly elected, and ordered that said Foxworthy and Shoemaker be ousted from said office. The relators appealed from that judgment.

The information, in the nature of *quo warranto*, alleged that the organization of Consolidated School District Number Three was invalid, and that a board of directors was not legally elected at the meeting at which the organization was attempted. The return of respondents recites the proceedings in accordance with the stat-

ute leading up to the alleged organization of the consolidated school district, on the twenty-fourth day of December, 1920, and the facts relating to the conduct of proceedings on that day. A trial was had November 23, 1922, and while the trial court had the cause under advisement, the respondents, on the thirteenth day of February, 1922, filed a supplemental answer and return relating to the election of respondents Shoemaker and Foxworthy, as directors of the said school district. Since these two directors were ousted by the judgment of the court, and have not appealed, we have no concern with that supplemental return.

It was stipulated at the trial that the requirements of the statute in regard to a petition for the consolidated district, notice and other proceedings leading up to the election on December 24, 1920, were fully complied with. On that day the vote on the question of consolidation was taken by ballot in due form. The count showed 368 ballots were cast, of which 273 were for the consolidation, and 95 were against consolidation.

The further proceeding is shown by the report of the meeting filed with the county clerk and the superintendent. It is designated as Exhibit F, and is admitted to contain a correct account of what occurred. After the ballot on the question of consolidation was taken, the report proceeds as follows:

"The chairman further announced that the next order of business would be the election of six directors for the consolidated district, two of whom were to be elected for three years, two for two years and two for one year, whereupon Dr. D. N. Claggett made a motion to the effect that the chairman appoint a committee of six, one from each district, to nominate a man from each district for the board of education, which motion was seconded by Alva DeFord, and on being put by the chairman the motion carried unanimously and the chairman appointed the following committee: C. E. Triem, J. B. Smith, Roy Edward, E. Owings, Ross DeFord and J. C. Reid.

"And said committee organized by electing J. B. Smith chairman and Ross DeFord secretary and the committee reported by nominating and recommending the following persons for the directors for the different terms as follows: V. E. Foxworthy for one of the directors for the three-year term, Otis Johnston for one of the directors for the one-year term, Earl Manring for one of the directors for the two-year term, E. M. Shoemaker for one of the directors for the two-year term, R. O. Strong for one of the directors for the one-year term, and Harl Garner for one of the directors for the three year term.

"Whereupon the chairman submitted each of the above nominees, one at a time and separately, to the assembled meeting of voters, and they were each and all separately nominated and elected unanimously by acclamation."

The bill of exceptions then proceeds:

"Thereupon evidence was introduced to the effect that the election of directors at the special meeting of December 24, 1920, was not conducted in the manner prescribed by the Constitution of Missouri, Article VIII, Section 3, but was in the manner as shown by the record of that meeting filed with the county clerk, 'Exhibit F'; that they took the oath required by law of the directors, elected the officers designated by the statute, and undertook to discharge the duties of directors; that thereafter it was discovered that Harl Garner was not of legal age; that he therefore resigned and the defendant Roy Scott was selected and elected to take the place of said Harl Garner at a regularly called meeting of the board of directors; that said R. O. Strong elected for one year at said special meeting as a director, failed to qualify as such, and that at a regularly called meeting of the board of directors the defendant Clem Reid was selected and elected to take his place for the unexpired term; that said term expired in the spring of 1921; that at the annual meeting and at the election held at said annual meeting in the spring of 1921, said Clem Reid was elected

by the voters at said election to succeed himself; that the defendant A. C. Jennings was elected as a director by the board of directors at a regularly called meeting to take the place of and took the place of Earl Manring, who had resigned and whose resignation had been accepted for the unexpired portion of the two-year term for which said Earl Manring had been elected; that the defendant Otis Johnston, whose term expired in the spring of 1921, was re-elected at the annual school meeting and election of said district held in the spring of 1921, by the qualified voters present and voting at that annual meeting and election.''

This record shows that the two directors ousted by the judgment, Foxworthy and Shoemaker, were elected on the day of the alleged consolidation; that all the other respondents were elected either at some regular meeting of that first board of directors, or at the regular spring election of 1921. This was a holding by the trial court that the original election was invalid, but that the subsequent elections by the alleged board were valid.

I. The claim of appellants is that Consolidated School District Number Three never was legally organized, and that requires a construction of the statute under which the organization was attempted.

**Organization: Affected by Irregular Election of Directiors.**

Under Section 11259, Revised Statutes 1919, a consolidated school district must be organized at a meeting called and conducted according to Section 11237, Revised Statutes 1919, which is as follows:

''Sec. 11237. *Town or city school districts—how organized.*—Whenever it may desired to organize a common school district or consolidated school district into a town or city school district, with special privileges granted under this article, the board of directors shall, upon the reception of a petition to that effect, and signed by ten qualified voters who are resident taxpayers of the district, submit the proposition at an annual or special meeting, giving notice of such meeting as provided by

Section 11209. The order of business at such meeting shall be as follows:

"First—To organize as a town or city school district, those voting for the organization shall have written or printed on their ballots 'For organization,' and those voting against the organization shall have written or printed on their ballots 'Against organization;' and each person desiring to vote shall advance to the front of the chairman and deposit his ballot in a box to be used for that purpose. When all present shall have voted, the chairman shall appoint two tellers, who shall call each ballot aloud and the secretary shall keep a tally and report to the chairman, who shall announce the result; and if a majority of the votes cast are 'for organization' the chairman shall call the next order of business.

"Second—To elect six directors, as follows: Two shall be elected for three years, two for two years, and two for one year, and each director shall be elected separately and the result announced in the manner prescribed for organization. If said election is held at a special meeting, from then until the next annual meeting shall be taken as one year, so far as relates to the terms of the directors elected. The directors chosen must comply with the requirements of Section 11240 of this article. The chairman and secretary of such meeting shall keep a record of the proceedings thereof and turn the same over to the board of education of such district, to be entered upon its records by the clerk of such district."

The meeting December 24, 1920, was regularly and legally called; the vote on the question of organization was submitted and returned as the first order of business, in strict accordance with the statute. It is claimed, however, that the election of six directors, required by the statute, as the second order of business, was illegal, because all of said alleged directors were "elected unanimously by acclamation" instead of by ballot. Section 3, Article VIII, of the Constitution requires that all elections "by the people" shall be by ballot. In the case of

State ex rel. O'Connell v. Board of St. Louis Public Schools, 112 Mo. 213, l. c. 218, it is held that an election for school directors was an election "by the people," and came within the requirement of the Constitution. It is a well considered opinion, written by Judge GANTT.

The argument of the appellant proceeds in this way:

The entire section of the statute quoted, taking into consideration the title of the section, deals with the question of organization; two distinct and separate orders of business are both required to be performed before the organization is complete. The voters not only must vote for organization, but must elect directors and elect them legally before the district can be said to be organized.

Several times this court has held that this statute must be liberally construed as a workable method employed by ordinary citizens not learned in the law, and that a strict technical compliance with its terms is not required in order to make an organization effective. [State ex inf. v. Jones, 266 Mo. 191, l. c. 201; State ex inf. v. Bird, 244 S. W. l. c. 940; State ex rel. v. Job, 205 Mo. l. c. 34; State ex inf. Hughes v. Gill, 190 Mo. 79.]

The statute must be liberally construed as a practical vehicle to carry out the purposes of the people concerned. We must give effect to the evident intention of the voters, if it can be done without doing violence to the language of the statute. In this case by an overwhelming vote the desire of the people of the several separate districts was recorded in favor of the consolidation. That is what they were there for, and what they thought they had accomplished.

There is a purpose in the requirement of the statute when it says: . "*The order of business shall be as follows.*" That is, the meeting, legally called, has two things to do. One is first and certain, and the other is second and conditional. One is to vote on the organization of the district. If they do not organize, there is nothing else to do. If the district is organized by the vote, then they have something else to do and that is to elect directors. A provision relating to the second order

of business says: *"Each director shall be elected separately and the result announced in the manner prescribed for organization."* That language implies that before the directors are to be elected, organization has been completed and the result announced in a manner which must be followed in the second order of business.

It would defeat the will of the people to hold that the district was not organized because of an irregularity in the election of directors which the voters thought was regular. Every one present, including the clerk of the meeting, who recorded and transcribed the record of the proceeding, thought the directors were regularly elected. Those so elected proceeded to organize the board and to conduct the affairs of the consolidated district for nearly two years before any question was raised. We hold, therefore, that the consolidated district was organized when the vote to organize was cast and counted.

II. The directors thus irregularly elected afterwards met in due form, without objection, proceeded to organize as a board and to conduct the business of the district, and, so far as this record shows, for nearly two years acted without objection. They were *de facto* officers and their acts were valid until they were ousted. They could, in the regular way, elect directors to fill a vacancy in the board the same as if they themselves had been legally elected. [22 R. C. L. p. 506, sec. 317.] Each of the four directors held by the court to be legally in office, was · elected at an annual election by the *de facto* board of directors at some regular meeting, in accordance with this statute.

The judgment in the circuit court is affirmed. *David E. Blair, P. J.,* and *Walker, J.,* concur.