STATE of Missouri, ex inf. Elvis MOON-
EY, Prosecuting Attorney of Stoddard
County, Missouri, ex rel. John STEWART,
Charles E. Stocks, W. B. Gulledge and El-
bert Dowdy, Appellants,

v.

CONSOLIDATED SCHOOL DISTRICT NO.
3, Stoddard County, Missouri, and Reor-
ganized School District No. 1, Dunklin
County, Missouri, Respondents.

No. 7388.

Springfield Court of Appeals.

Missouri.

July 19, 1955.

On Rehearing Aug. 22, 1955.

Riddle & Baker, Malden, for appellants.

Briney & Welborn, Bloomfield, for respondents.

RUARK, Judge.

This is an action in the nature of quo warranto. Relators, who are appellants, claim to be taxpaying citizens of Common School District No. 2 of Dunklin County and charge by the information filed as follows: On March 19, 1953, a special election was held under the provisions of section 165.300, RSMo 1949, V.A.M.S., for the purpose of annexing said Common School District No. 2 (called Slicer District) to Consolidated District No. 3 of Stoddard County (called Bernie), which proposition was defeated. In April 1953 a special election was held under the provisions of sec. 165.300 aforesaid for the purpose of annexing Slicer District to Consolidated No. 11 of Dunklin County (called Malden). This was also defeated. On August 7, 1953, "after due notice and upon petition duly made," a special election was called and held under the provisions of said sec. 165.300 for the purpose of annexing one-half of Slicer District to Malden and one-half to Bernie. The majority of the votes cast were in favor of such (last submitted) annexations. Thereafter Malden District was organized into respondent Reorganized District No. I of Dunklin County. The information challenges the right of the two districts which have annexed the separate halves of the old district to function and exercise control over the money and property, and presumably the territory, of the old Slicer District.

Sec. 165.300 aforesaid provides, among other things, "Whenever an entire school district, or a part of a district, whether in in either case it be a common school district, or a city, town or consolidated school district, which adjoins any city, town, consolidated or village school district, * * * desires to be attached thereto for school purposes, upon the reception of a petition setting forth such fact and signed by ten qualified voters of such district, the board of directors thereof shall order a special meeting or special election * * *; provided, however, that after the holding of any such special election, no other such special election shall be called within a period of two years thereafter." The challenge to the validity of the August 7 election is based upon the fact that such election was in violation of the prohibition against similar (special) elections being held within two years. Under the construction placed upon said section by the Supreme Court in State ex inf. Rice ex rel. Allman v. Hawk, 360 Mo. 490, 228 S.W.2d 785, the prohibition applies to subsequent elections held under the statute regardless of whether they involve similar or entirely different propositions. The inescapable conclusion is that if the March

and April elections were valid the election of August 7, 1953, was invalid and the trial court was in error in dismissing relators' information. Therefore we concern ourselves with those two previous elections.

 In considering the question we do not overlook the principle that, in the absence of specific and mandatory requirement by statute, if there has been an honest and free election, with notice, the expressed will of the electorate is not ordinarily to be vitiated by the mistakes or oversights of those responsible for the preparation for and conduct of such election.[1] We are likewise mindful of the well-worn expressions to the effect that the school laws, being implements placed in lay hands, will be construed liberally and with the view toward accomplishing the ultimate purpose sought regardless of minor irregularities.[2] But it is fundamental that no valid election can be called and held except by authority of the law, and that where the law places the duty of calling or ordering a special election in the hands of some authority or agency an election held without such call is a nullity. State ex rel. Edwards v. Ellison, 271 Mo. 123, 196 S.W. 751; State ex inf. Rice ex rel. Allman v. Hawk, 360 Mo. 490, 228 S.W.2d 785, supra; Elections, 18 Am. Jur., secs. 101, 102, pp. 243, 244; Elections, 29 C.J.S., Elections, §§ 69, 70, pp. 92, 94; and cases cited hereinafter. In this instance the law places that authority (to call the special election) in the board of directors. It is for us to determine whether the elections of March and April were actually called by

the board of directors. If not, they were simply "rump" meetings and were nullities which did not poison the future against the August election.

 The board of directors of a school district is an entity which can act and speak only as such. The separate and individual acts and decisions of the director members, even though they be in complete agreement with each other, have no effect. They must be assembled and act *as a board*. Pugh v. School Dist., 114 Mo.App. 688, 91 S.W. 471; Kane v. School Dist. of Calhoun, 48 Mo.App. 408; Smith v. Township Board of Education, 58 Mo. 297; Johnson v. Dye, 142 Mo.App. 424, 127 S.W. 413; State v. Lawrence, 178 Mo. 350, 77 S.W. 497, 504; State ex rel. Bank of Belton v. Wray, 55 Mo.App. 646, 653; State, to Use of Board of Education of Cape Girardeau v. Tiedemann, 69 Mo. 515. This applies to meetings calling special school elections. State ex rel. White v. Lockett, 54 Mo.App. 202; see also Mullins v. Eveland, Mo.App., 234 S.W. 2d 639; Lowland School Dist. No. 32 of Cooper County v. Wooldridge School Dist., Mo.App., 216 S.W.2d 545. It is true that the meeting may be informal and it may be by agreement and without formal call.[3] The keeping of written minutes is not necessarily a requisite to the validity of its actions. Peter v. Kaufmann, 327 Mo. 915, 38 S.W.2d 1062, 1064; Lowland School Dist. No. 32 of Cooper County v. Wooldridge Dist., supra, and cases cited. But we think the failure to keep minutes is a fact to be considered in determining whether the com-

1. State ex rel. Brown v. Cape, Mo.App., 266 S.W.2d 45, 46; Bernhardt v. Long, 357 Mo. 427, 209 S.W.2d 112; State ex rel. Marlowe v. Himmelberger-Harrison Lumber Co., 332 Mo. 379, 58 S.W.2d 750; Breuninger v. Hill, 277 Mo. 239, 210 S.W. 67; Nelson v. Watkinson, Mo.App., 262 S.W.2d 872; see also State ex inf. Stipp ex rel. Stokes Mound School Dist. No. 7 v. Colliver, Mo., 243 S.W.2d 344; State ex inf. Latham ex rel. Dawes v. Allen, 361 Mo. 963, 237 S.W.2d 489; State ex inf. Mansur ex rel. Fowler v. McKown, 315 Mo. 1336, 290 S.W. 123.

2. State ex rel. Reorganized School Dist. R–2 of Newton County v. Robinson, Mo. App., 276 S.W.2d 235; State ex rel.

School Dist. No. 34 of Lincoln County v. Begeman, 221 Mo.App. 257, 2 S.W.2d 110, 111; State ex rel. Rose v. Job, 205 Mo. 1, 103 S.W. 493, 502; State ex rel. Acom v. Hamlet, 363 Mo. 239, 250 S.W.2d 495; State ex inf. Kamp ex rel. Rodgers v. Pretended Consolidated School Dist., 359 Mo. 639, 223 S.W.2d 484, 488; State ex inf. Barrett ex rel. Cutler v. Foxworthy, 301 Mo. 376, 256 S.W. 466, 468.

3. Hibbard v. Smith, 135 Mo.App. 721, 116 S.W. 487; Decker v. School Dist. No. 2, 101 Mo.App. 115, 74 S.W. 390; Johnson v. Dye, 142 Mo.App. 424, 127 S.W. 413, supra; Mullins v. Eveland, Mo.App., 234 S.W.2d 639, 642, supra.

ing together was in fact a discussion between individuals or was intended as a function of the board.

The board of directors of Slicer District was composed of Messrs. Moore, Sparks and Cooper, Cooper being the president. At some time (date not shown) a petition to annex to Bernie was delivered to president Cooper. He in turn delivered it to Mr. Gulledge, the clerk, and "told him to put up the notices if the other two were willing," "and I gave him my okay on it." His statement in this respect is substantially verified by the clerk. A petition to annex to Malden was presented to director Moore. Thereafter Moore took the petition by Sparks's home and asked Sparks if he saw anything wrong with it. The next day directors Sparks and Moore met at the residence of Gulledge and discussed the two petitions. There was no showing of any notice of the meeting or any agreement that the board would meet at the time and place where the discussion was had. The clerk stated that as far as he knew there was no board meeting and that he had neither given nor received any notice to such effect, that he did not know that Cooper was expected to be present and he never heard his name mentioned. Director Moore did not testify as to whether there was any agreement among the board members to meet at the clerk's house. Director Sparks testified he didn't recall any agreement to meet. President Cooper testified that he had no recollection of any request to meet at Gulledge's, that he didn't know that Moore and Sparks were meeting and that the first he actually knew there was going to be an election was when the clerk told him he had put up the notices. The discussion between Moore and Sparks lasted about thirty minutes. Sparks asked Moore to withdraw the Malden petition and Moore refused. This get-together, if we may call it that, by the two directors was entirely informal. It was not called to order as such and there were no votes taken. Both the clerk and director Sparks testified no minutes were kept and the minute book showed none, but director Moore testified that the clerk "wrote it down that

us two was favoring election." In this discussion it was agreed to hold the two elections, which are the March and April elections here in question. The two directors agreed that the Bernie election would be held in March and the Malden election was to be held on the 7th day of April at the regular annual meeting of the district.

■ We think the discussion between the two directors at the clerk's house cannot be dignified as one which fills the requirements of the law. While individually the parties may have been in agreement as to the necessity of an election, at least in respect to the Bernie proposal, there was no concerted action and apparently no intent to perform any act in the capacity and entity of that of a board of directors. The statute, section 165.213 RSMo 1949, V.A.M.S., provides, among other things, that a majority of the board shall constitute a quorum for the transaction of business; provided each member shall have due notice of the time, place and purpose of such meeting. Some of the cases cited hereinbefore, to-wit, Johnson v. Dye, 142 Mo.App. 424, 127 S.W. 413; State ex rel. White v. Lockett, 54 Mo.App. 202; Kane v. School Dist. of Calhoun, 48 Mo.App. 408, 409, deal with actions of the individual members under circumstances somewhat similar to the situation in this case. The evidence shows that there was no meeting or action of the board in respect to either the March or April election other than the discussion at the clerk's house which the appellants contend sufficed for such. While there is no question but that the motives of the directors were of the highest, we think their manner of getting together had no more dignity in law than any ordinary fence-row conference. For this reason we are forced to the conclusion that the March and April elections were not called and were therefore nullities.

The parties have very commendably presented us with considerable brief and argument in respect to which side carries the burden of proof in a case of this character, but we believe it is unnecessary to discuss such question for the reason that, irre-

spective of where the burden lay, the evidence affirmatively shows the facts hereinbefore related.

■ The appellants have in their brief suggested that the procedure properly applicable to the annexation election of August 7 was that given by section 165.170 RSMo 1949, V.A.M.S., which deals with elections to be submitted at *annual* meetings. This suggestion we will not consider. In their petition they charge that after due notice and upon petition duly made the special election was called and held under* the provisions of sec. 165.300 and that the same is invalid because of the provisions of the section under which it was held. They tried their case on that theory. Having chosen their mount in the court of first instance, they must ride it on through the appellate court. Spiking School Dist. No. 71, DeKalb County v. Purported "Enlarged Dist.," 362 Mo. 848, 245 S.W.2d 13, 19, and citations.

■ It was stipulated that the August 7 election was regularly called and held and, having been the only *valid* election held within the prescribed period, it follows that the judgment of dismissal entered by the trial court was correct and the judgment should be and therefore is affirmed.

McDOWELL, P. J., and STONE, J., concur.

On Rehearing

PER CURIAM.

Appellants call attention to the fact we failed to pass upon their claim of error in respect to the refusal of the trial court to admit certain testimony. On the first refusal the question asked was, "Mr. Moore, before or after this meeting at Mr. Gulledge's did you discuss this petition with the president, Mr. Norvill Cooper?" Objection to this was sustained. Later it was asked (in reference to a discussion not in meeting), "Q. Was anything said about the dates or holding an election?. A. No. Q. Did he ask you as to when it would be all

right with you to hold an election?" Objection, on the ground that the discussion was between two individuals and not a board meeting, was sustained.

■ No offer of proof was made in either instance and we have no knowledge of what the answers might have been other than as had been indicated by previous testimony. "Before there is anything to review on appeal in connection with the exclusion of evidence 'a proper question must be asked, and, on objection thereto, an offer must be made at the time showing what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all facts necessary to establish its admissibility.' Byam v. Kansas City Public Service Co., 328 Mo. 813, 826, 41 S.W.2d 945, 952; City of St. Louis v. Pope, Mo., 121 S.W.2d 861, 863; Missouri Digest, Appeal and Error, ⟊ 205." Jones v. Giannola, Mo. App., 252 S.W.2d 660, 662. The remarks of the Supreme Court in Evinger v. Thompson, 265 S.W.2d 726, 736, and in Conser v. Atchison, T. & S. F. Ry. Co., 266 S.W.2d 587, 593, are likewise applicable. Nor can we see how such testimony, even if entirely favorable to appellants, could have affected the result. As we have held, conferences, consultations and agreements between individual directors in respect to calling an election could not serve as a substitute for the action of the board.

■ The balance of the motion is devoted to the urging that we consider and pass upon whether the August election was one required to be held under the provisions of section 165.170 RSMo 1949, V.A.M.S. The theory so submitted was not pleaded and was not presented to the trial court in any manner. We would be unwilling to convict the lower court of error (if such *was* error) when it had no opportunity to pass on the question. An appellate court will review a case only upon the theory on which it was submitted in the trial court. Dugan v. Trout, Mo.App., 271 S.W.2d 593, 598, and cases cited.

The motion for rehearing is overruled