### Sugg, Respondent, *vs.* Blow, Appellant.

1. A master will only be excused for discharging his servant before the expiration of the contract term of service, by his failure or incompetency to render the services which he *contracted to render*, or some misconduct. If he discharges him for want of competent skill, he will still be liable for the benefit he has received.
2. If the master, when sued upon the contract, relies on the defence that he was induced to make it by the fraud of the plaintiff, he should so state in his answer ; if he discharged him for improper conduct, he should state what the impropriety was ; if for a failure to do the work contracted to be done, he should state in what particular, and the work which he failed to do must appear to be such as is required by the contract.

*Appeal from St. Louis Court of Common Pleas.*

*B. A. Hill,* for appellant.
*Isaac T. Wise,* for respondent.

Gamble, Judge, delivered the opinion of the court.

In this case, judgment was rendered for Sugg, the plaintiff, against Blow, upon the petition and answer. The action was to recover the value of three months service, at the rate of $1000 per year, upon the following writing :

" E. C. Sugg :

" *Sir :* I will accept your proposal to render your services to me for three months to conduct manufacturing varnishes, and to do any work about my factory that you find that you

can do to my advantage, at the rate of one thousand dollars per annum. The three months to commence the 15th day of August and terminate the 15th November, and with this understanding, that if both parties are satisfied, and I find you can make such articles as you undertake, of a quality and price to afford me a good profit, then the salary to continue for one or two years.      HENRY T. BLOW."

The petition alleges that the plaintiff accepted the proposal made by the writing, and that he entered into the defendant's service and continued therein until the defendant discharged him.

The defendant, in his answer, first denies making the writing "in manner and form" as set out in the petition, and afterwards admits that he made one just like it, with the exception of one word, which would not affect the obligation of it. He next denies that the defendant entered upon and discharged the duties and services required by the agreement of defendant and the *proposal of the plaintiff*. He admits that he discharged the plaintiff from his service for good cause. The cause is stated to this effect : that before making the writing upon which this action is brought, the plaintiff made representations of his capacity to make varnishes at a less cost than usual, and that he was well acquainted with the secret of manufacturing varnishes ; that the apparatus necessary to make sufficient varnishes to supply the St. Louis market, would not cost the defendant more than one hundred dollars ; that the plaintiff failed to manufacture varnishes at less than their usual cost, or of a better quality than usual ; that the plaintiff possessed no secret not usually known to such manufacturers, and was not skilled in such manufacture ; that the apparatus cost more than one hundred dollars, and plaintiff was negligent and extravagant in the erection of the works and apparatus ; that the plaintiff neglected and failed to perform *the work that he found to be necessary* about the said business of the defendant in his factory, and that the defendant was compelled to discharge plaintiff.

Sugg *v.* Blow.

1. It is evident that the parties were about to try an experiment in a new business, and that the defendant was willing to employ the plaintiff in conducting the experiment. It is not pretended that there was any fraud practiced by the plaintiff on the defendant, but that he had an opinion of his own qualifications which was rather exalted. There is no charge of any actual fault in the plaintiff in regard to the services rendered, except that he was negligent and extravagant " in erecting the works and apparatus," and " that he failed to perform the work that *he found to be necessary* about the said business of the defendant in his factory." Now neither the writing nor the representations which the plaintiff is charged with making, made it his duty " to erect the works and apparatus," and his failure to do work about the factory is charged as a failure to do the work that " he found necessary ;" whereas, the work to be done, according to the writing, is, such work about the factory as the plaintiff might find " *he could do to the defendant's advantage.*" But the whole case is settled by the agreement signed by the defendant. He states in that what work the plaintiff was to perform, and for which he, the defendant, was to pay. If the defendant is to be excused for discharging the plaintiff, it must be because of some failure or incompetency to render the service, or for some misconduct.

2. If he proposes to discharge himself from the contract, on the ground that he was induced to make it by the fraud of plaintiff, he must so state. If he has discharged the plaintiff from his service for want of competent skill in the business he was to superintend, he will still be liable to make compensation for the benefit he has received. If he has discharged him for improper conduct in the relation existing between them, he must state the impropriety of which he was guilty. If he has discharged him for a failure to do the work contracted to be done, he must show in what particular he failed to do any part of the work specified in the contract. It must appear to be work required by the contract.

The judgment below being for a compensation for the time the plaintiff was engaged in the defendant's service, and not for the whole time specified in the contract, will be affirmed.