LEWIS W. THOMPSON & COMPANY v. CONRAN-GIDEON SPECIAL ROAD DISTRICT OF NEW MADRID COUNTY, Appellant.—20 S. W. (2d) 1049.

Division One, September 13, 1929.

954

*Oliver & Oliver* for appellant.

956

*Benjamin H. Charles* and *Charles Claflin Allen, Jr.,* for respondent.

958

ATWOOD, P. J.—Plaintiff, who is respondent herein, brought suit on four coupons, each for the sum of $30, attached to four separate bonds alleged to have been issued by defendant Conran-Gideon Special Road District of New Madrid County, Missouri, as a part of an issue of thirty-three bonds aggregating a total of $22,200. The petition was in four counts, each count being based upon one coupon. A jury was waived and judgment went for plaintiff, from which defendant appealed.

The first subdivision of defendant's verified answer specifically denied the following matters: That it ever executed or authorized the issuance of the bonds and coupons sued upon; that it is a duly incorporated special road district as alleged in plaintiff's petition; that said bonds and coupons were executed under and by virtue of the statutes of the State of Missouri relative to road districts; that any election was duly called or had on the 13th day of August, 1923, authorizing the issuance of said bonds and coupons; that any notice, as required by law, was given of said election; that any authority was had or obtained for the issuance of said bonds; that plaintiff is the owner and holder of the coupons sued on for a valuable consideration; that plaintiff ever made due and proper presentation and demand for the payment of said coupons, and that the same are now due or any interest thereon. In said subdivision it was averred: That the so-called commissioners appointed by the County Court of New Madrid County, Missouri, were not qualified in that they were not landowners residing in said proposed district, but were all tenants renting land from one W. S. Edwards, there being but one landowner residing within said district at the time of its attempted organization by the county court on August 13, 1923; that all actions had or taken by said purported commissioners were void and of no effect and not binding upon the landowners within said district; that

there was no legal authorization of the issuance of said bonds and coupons, for the reason that at the purported election called by said commissioners there were no resident landowners voting; that no signed or proper record was ever made or kept by said commissioners of any of their purported actions; that said purported commissioners, acting in an unauthorized and illegal manner, attempted to appoint W. S. Edwards as secretary of said purported board of commissioners and treasurer of defendant, but that he never qualified as such treasurer and never filed a bond as required by law, and never had any authority to bind defendant in any way, and particularly was he without authority to sign any evidence of indebtedness as treasurer or secretary for or in behalf of defendant; that defendant has never received the consideration for said bonds and coupons or any other bond, and if any such bonds were acquired by plaintiff they are illegal, void, unauthorized and not the legal obligations of defendant; that if said illegal and void bonds were acquired by plaintiff it negotiated the purchase thereof with W. S. Edwards, but that said funds have never been placed in the treasury of defendant and have been withheld therefrom by W. S. Edwards, who was without authority to represent or act for or bind this defendant, and defendant has never received the benefit and use thereof.

In the second subdivision of defendant's answer it was averred that said bonds purport on their face to have been issued under the provisions of Article VIII of Chapter 98, Revised Statutes 1919, and that the record of the county court purporting to record the incorporation of defendant recites that it was organized under the provisions of Article XIII of said chapter; that at the time of the purported organization of defendant, New Madrid County was under township organization and, hence, said county was without jurisdiction to organize a road district under the provisions of Article VIII of Chapter 98 aforesaid; that defendant could only issue bonds under the provisions of Article XIII of Chapter 98 aforesaid, and that was not done, and that the bonds purporting to have been issued under the provisions of Article VIII of Chapter 98 aforesaid are void.

In the third subdivision of defendant's answer it was averred that notwithstanding the recital on the face of the bonds to which the coupons sued on are attached that they were executed under the provisions of Article VIII of Chapter 98, Revised Statutes 1919, defendant was in fact attempted to be organized under the provisions of Article XIII of Chapter 98, Revised Statutes 1919, consisting of Sections 10937 to 10960, both inclusive, and that said bonds are void and of no effect because said Sections 10937 to 10960, providing for the organization of special road districts, are in violation of Section I of the Fourteenth Amendment of the Constitution of the United States, of Section 53 of Article IV of the Constitution of Missouri,

of Section 30 of Article II of the Constitution of Missouri, and of the Fourteenth and Fifth Amendments of the Constitution of the United States, and of Section 9 of Article II of the Constitution of Missouri.

At the trial defendant objected to the introduction of any testimony in the case on the ground "that the petition fails to state facts sufficient to constitute a cause of action against this defendant in that the bonds sued on purport to be issued under the provisions of Article VIII, Chapter 98 of the Road and Bridge Laws, Section 10833, Revised Statutes of Missouri 1919, are void on their face and carry their own infirmity, for at the time of the incorporation of this district and the issuing of these bonds New Madrid County was under township organization." Other grounds of objection to the introduction of testimony were stated by counsel for defendant, but all objections were by the court overruled and the bonds and coupons sued on, together with the State Auditor's certificate of registration of said bonds, were offered and admitted in evidence.

At the close of plaintiff's case defendant interposed a demurrer to the evidence which was overruled. Thereupon defendant placed the then acting president of the board of commissioners of defendant upon the witness stand, and when he was asked a qualifying question counsel for plaintiff objected to any testimony under defendant's answer "for the reason that the answer fails to state any defense" to the bonds sued on. This objection was sustained. Counsel for defendant then offered to prove the allegations of defendant's answer by this witness, which offer of proof was rejected, and plaintiff's oral request for judgment was granted. Appellant's first contention here is that the trial court "erred in overruling the demurrer offered by defendant at the close of plaintiff's case." In support of the allegations of its petition plaintiff offered and the trial court admitted in evidence, over defendant's objection, the bonds and attached coupons sued on, together with the State Auditor's certificate relative thereto, the body of said certificate being as follows:

"I Geo. E. Hackman, State Auditor of Missouri, do hereby certify that all the conditions of the laws of the State of Missouri have been complied with in the issuance of the within bond, and that all the conditions of the contract under which it was ordered to be issued have also been complied with, the evidence of which is on file in my office, and I further certify that this bond has been duly registered in my office in compliance with the laws of the State of Missouri."

Section 1068, Revised Statutes 1919, provides, in part, as follows:

"Such bonds, after receiving the said certificate of the auditor as herein provided, shall thereafter be held, in every action, suit or proceeding in which their validity is, or may be, brought into question, prima-facie, valid and binding obligations, and in every action

brought to enforce collection of such bond, the certificate of such auditor, or a duly certified copy thereof, shall be admitted and received in evidence of the validity of such bonds, together with the coupons thereto attached.''

This is an action brought to enforce collection of interest due on certain bonds evidenced by coupons thereto attached in which validity is brought into question. Having received the certificate of the State Auditor according to the above statute, these bonds are prima-facie binding obligations and said certificate is evidence in such a proceeding of the validity of such bonds together with the coupons thereto attached. Appellant has not assigned error on account of the admission in evidence of said bonds, coupons and certificate, and on their admission plaintiff made out a prima-facie case.

But, appellant says, the case so made availed plaintiff nothing in the face of defendant's demurrer at the close of plaintiff's case, because the bonds purport on their face to have been issued under the provisions of Article VIII, Chapter 98, Revised Statutes 1919; that New Madrid County was admittedly operating under the township-organization plan at the time the bonds were issued; that no special road district could be organized under Article VIII of Chapter 98, Revised Statutes 1919, in a county that was operating under township organization (Sec. 10833, supra); and that said bonds and coupons are, therefore, void on their face and defendant's demurrer should have been sustained. We do not think that the mere recital of the wrong act on the face of the bonds renders them void if there is a valid act under which the court might have found that they were lawfully issued. In Smith v. Clark County, 54 Mo. 58, it was objected that the bonds in controversy on their face purported to have been issued under the Act of 1855, and that the holder was estopped from claiming that they were issued under the special Act of 1857, which was the company's charter. On the point so raised this court said (l. c. 71):

''Whether the recital in these bonds would constitute an estoppel against the makers, it is not important to inquire; if it were so, it would not follow that the purchaser or holder is bound. If he can show that the power existed, a false recital of it, however, obligatory on the county or its agents, would not defeat its efficacy in the hands of a party nowise concerned in the perpetration of the falsehood. [Crane v. Lessee of Morris, 6 Pet. 598.]''

In the case of Johnson County v. January, 94 U. S. 202, the bonds recited an act that had been repealed. It was held that the act recited did not affect the case, and while the bonds referred to the wrong statute the false did not hurt the good. Also, in the case of Evansville v. Dennett, 161 U. S. 434, the bonds recited that they

were issued in payment of a subscription to a certain railroad in pursuance of the city charter and another later act. The charter gave the city power to subscribe to the stock, but an attempt was made to issue bonds under the later act which was invalid. The case came to the Supreme Court of the United States upon a certified question as to whether the purchaser was charged with notice by reason of the recital in the bonds that they were issued in pursuance of an invalid act and the election held under it. It was held that the purchaser could rely on a compliance with the charter which did confer power to make the subscription, and the bond was not void by reason of the recital of the void act and the attempt to comply with it, because the proceedings had also complied with the charter. Also, in Allen v. City of Davenport, 77 N. W. (Iowa) 532, 534, the court said:

"The bonds issued by the city counsel recite that they were issued under and by virtue of Chapter 7 of the Acts of the Twenty-fifth General Assembly, and the ordinance passed in accordance therewith. This may be a verbal inaccuracy, but such a statement does not go to the validity of the instruments."

In Gould v. Town of Sterling, 23 N. Y. l. c. 458, the same point was thus ruled:

"It is said that the bonds purport upon their face to be issued by virtue of the Act of 1851 alone; and hence that they cannot be sustained by a resort to the provisions of the subsequent act. This, however, is an erroneous conclusion. There was no necessity that the bonds should, in terms, refer to either act. The important question is, whether the authority existed; not whether it was properly stated in the bonds."

The rule is thus stated in Abbott on Public Securities, Section 288, page 592:

"Through inadvertence or carelessness, public securities in their recitals of authority whether a legislative act or some municipal ordinance may contain a misstatement of the authority, refer to a statute as conferring authority which has been repealed, or cite two or more statutes as authority for the issue. The authorities under such circumstances hold without any dissent that the sole question to be determined is the existence of a lawful grant of power and that it is immaterial and will not affect the validity of the bonds if as a matter of fact authority for their issue does exist though an erroneous recital or a misrecital has been made."

An examination of the cases cited by appellant satisfies us that they are not applicable under the facts here presented. The important question in this case is whether authority for the issuance of these bonds existed, and not whether the authority was correctly recited in the bonds. Article XIII, Chapter 98, Revised Statutes

1919, provides for the issuance of such bonds in counties having township organization, while Article VIII provides for their issuance in counties not having township organization. The bonds were issued in the corporate name proper under said Article XIII, and aside from the particular recital that they were issued under Article VIII the recital in the bonds is that they were issued "under and by virtue of the Constitution and statutes of the State of Missouri." Under the record admission that New Madrid County was then under township organization it must be assumed, for the purpose of this demurrer, that the trial court held that the bonds were issued under a statute that permitted their issuance, such as Article XIII or even the general road law appearing in Sections 10747 to 10750, Revised Statutes 1919, rather than under a statute which did not permit their issuance in counties having township organization, such as Article VIII. As for the constitutional questions raised by defendant relative to Article XIII, they cannot be considered because it does not appear that defendant had any constitutional rights which might have been denied by the act in question. [City of St. Louis v. Shields, 52 Mo. 351; Cofer v. Riseling, 153 Mo. 633; Ex parte Lucas, 160 Mo. 219; Dunn v. Fort Bend County, 17 Fed. (2d) l. c. 330, 331; 8 Cyc. 1. c. 788.] The court did not err in overruling defendant's demurrer interposed at the close of plaintiff's case.

The second point presented and urged in appellant's brief is that the defense set up in its answer and the proof offered in support thereof fall within the defenses of forgery and fraud allowed by Section 1068, Revised Statutes 1919. The unconstitutionality of this section is suggested in the brief, but no such point was made below and it cannot be considered here. [State ex rel. Hyde v. Buder, 315 Mo. 791, 795.] It is well-settled law that if one relies upon fraud as a defense he must plead it. [Sugg v. Blow, 17 Mo. 359; Nichols v. Stevens, 123 Mo. 96.] While no express form of words is necessary to set out the various elements constituting fraud, it must be made to appear by the facts alleged, independent of mere conclusions, that if the allegations are true a fraud has been committed. [27 C. J. p. 31.] Defendant's answer merely enumerated certain alleged irregularities and illegalities which if proved would not amount to fraud. Even if fraud had been properly alleged there is no allegation in the answer that plaintiff was in any way connected with it. Under such circumstances the charge of fraud even if properly made would fail. [Hardwicke v. Hamilton, 121 Mo. 465; Day v. Graham, 97 Mo. 398; Steines v. Franklin County, 48 Mo. 167; Henderson v. Henderson's Executors, 13 Mo. 151; National Life Ins. Co. v. Board of Education, 62 Fed. 778.] In its verified answer defendant denied execution of the bonds, but did not allege facts amounting to forgery. Defendant

offered to prove "that the signature of John Wilson appearing on these bonds was not placed there by John Wilson, as an individual, and is a forgery," but this is not an offer to prove facts amounting to forgery. Defendant neither pleaded nor offered to prove facts amounting to either fraud or perjury. We must also reject appellant's suggestion that Section 1063, Revised Statutes 1919, which is more liberal in its terms as to the defenses allowed, should be applied rather than Section 1068. As already observed, this is a proceeding to enforce collection of interest due on certain bonds and clearly within the terms of Section 1068.

Appellant's third point is that "the court erred in shutting off the defense of fraud and forgery without hearing it." Authorities are cited to the effect that "the courts have always allowed the greatest latitude in showing fraud." This may be conceded where fraud is properly pleaded and the facts submitted in any way tend to prove it. The trouble here, as already stated, is that as we read the record neither fraud nor forgery was pleaded as a defense, and defendant's offer of proof did not present facts tending to prove either. Consequently, this point is also ruled against appellant. This point is argued more in detail in appellant's reply brief, but we see no reason for receding from the ruling just made.

Appellant's last point is that the only law under which the bonds could have been issued is Article XIII, Chapter 98, Revised Statutes 1919, and that this law "does not meet the requirements of either the State or National Constitution; hence bonds issued under it are void." We have already ruled that appellant had no constitutional rights which might have been denied by the act in question, and therefore, it may not attack the act on these grounds.

The judgment is affirmed. All concur.