Robert C. REIS, Adm., CTA DBN of the Estate of John F. Knoepfler, Deceased, (Plaintiff) Appellant,

v.

TRAVELERS INDEMNITY COMPANY, a Corporation, Home Indemnity Company, a Corporation, and John F. Mulligan, Adm. of the Estate of Robert M. Zeppenfeld, Deceased, (Defendants) Respondents.

No. 31243.

St. Louis Court of Appeals.

Missouri.

March 19, 1963.

R. C. Reis, St. Louis, for appellant.

Evans & Dixon, John F. Evans, St. Louis, for respondents.

WOLFE, Acting Presiding Judge.

This is an action brought in an effort to set aside a final settlement approved in the Probate Court in the estate of John F. Knoepfler, deceased. The action further seeks to recover from the two indemnity companies, which are named as defendants, certain sums claimed due the Knoepfler estate from the executor now deceased. A motion to dismiss the petition was filed by all defendants and sustained by the court. From the judgment of dismissal the plaintiff prosecutes this appeal.

Omitting the caption and signature, the petition in question is as follows:

"Plaintiff for his cause of action against the defendants herein named, states and alleges:

"1. That he is the duly appointed and acting administrator CTA DBN of the Estate of John F. Knoepfler, deceased, having been appointed by the Probate Court of the City of St. Louis on the 23rd day of June, 1960.

"2. That John F. Knoepfler died on the 6th day of March, 1950, and on the 23d day of March, 1950, Robert M. Zeppenfeld was appointed and qualified as Executor of the Estate of John F. Knoepfler, and that said Robert M. Zeppenfeld died on the 3d day of August, 1959 and was at that time the acting Executor of said estate; that defendants Travelers Indemnity Company, a corporation, and the Home Indemnity Company, a corporation, were and are sureties on the bond of Robert M. Zeppenfeld as Executor of the Estate of John F. Knoepfler.

"3. That John F. Mulligan was appointed Administrator of the Estate of Robert M. Zeppenfeld for the sole purpose of filing a settlement to death in this estate.

"4. That Robert M. Zeppenfeld, acting as Executor of the above estate, on the 4th day of September, 1951, filed with the Probate Court his proof of notice of final settlement to the September Term, 1951, but thereafter failed and refused to file his final settlement, although cited to do so by the Court, until the 20th day of March, 1958.

"5. That from the 2d day of June, 1950, and throughout the time that said Robert M. Zeppenfeld acted as Executor of the above estate, he withdrew and used for his own purposes funds of said estate.

"6. That on May 8, 1958, after filing his final settlement, Robert M. Zeppenfeld received from the Clerk of the Circuit Court of the City of St. Louis a check in the amount of $52.00, representing a refund due the above estate, and fraudulently converted this sum to his own use and did not report the receipt of the same to the Probate Court.

"7. That the above referred to fraudulent acts of Robert M. Zeppenfeld were a breach of trust; that a final settlement and distribution could have been made by the Executor in 1951 after filing the proof of notice of final settlement, but the closing of the estate was necessarily delayed by the Executor's unreasonable refusal to make his final settlement, and as a result the interested parties suffered a loss in the following respects:

"(a) Additional charges for bond premiums and safe deposit vault rentals were incurred by the estate for the additional years the estate was kept open.

"(b) Additional costs were incurred by the estate as attorney fees and court costs resulting from an action to remove the Executor and the subsequent appeal from the order removing the Executor.

"(c) Loss of earnings on the assets of the estate used by the Executor and on the assets he failed to invest.

"8. That by concealing from the Probate Court of the City of St. Louis his fraudulent acts and breaches of trust, the said Robert M. Zeppenfeld induced the Probate Court to enter a judgment approving his final settlement on the 10th day of June, 1958.

"9. That because of his fraudulent acts the Executor forfeited his right to the sum of $2254.70 for which he took credit as Executor's compensation.

"10. That the plaintiff does not have an adequate remedy at law.

"WHEREFORE, plaintiff asks the court to order and decree that the Probate Court's judgment of June 10, 1958, approving the final settlement of Robert M. Zeppenfeld in the above estate, be set aside and held for naught, and the Court order and decree that the Estate of Robert M. Zeppenfeld and his sureties be surcharged for the costs of the bond premiums and safe deposit vault rentals incurred after the year 1951, for costs and attorney's fees incurred as a result of the action to remove the Executor, for interest on any sums found to be used by the Executor for the time so used, for interest on the estate funds not invested, and for the sum for which the Executor took credit in his final settlement as compensation, along with the costs of this action."

The defendant Administrator filed a motion to dismiss the petition, asserting that the petition failed to state a cause of action. The defending Indemnity Companies also moved to dismiss the petition, on the ground that it failed to state a cause of action and that the matters set forth in the petition had been finally adjudicated in the Probate Court. Other grounds were advanced in both motions, but as the appeal may be disposed of upon the ground that the petition fails to state a cause of action, other grounds of the motion will not be set out.

The jurisdiction of a court of equity may be invoked to set aside a judgment obtained by fraud. The fraud in such cases must relate to the manner in which the judgment is obtained, and not to the propriety of the judgment itself. As stated in Hockenberry v. Cooper County State Bank, 338 Mo. 31, 88 S.W.2d 1031, l. c. 1036:

"A judgment cannot be set aside on the ground of fraud unless it is shown that fraud was practiced in the very act of obtaining the judgment; that the fraud went to the manner in which the judgment was procured rather than operating upon matters pertaining to the judgment itself; that the fraud prevented the unsuccessful party from presenting his case or defense; or that the fraud otherwise went to extrinsic, collateral acts or matters not before the court for examination or determination in the suit or proceeding in which the judgment was rendered. * * * Such a proceeding cannot be used to obtain a further hearing upon matters, which were or could have been brought before the court to make a case or defense, either because the parties found further evidence bearing upon the truth or falsity of the testimony there, or because the parties neglected to litigate such matters in the original case. 'Courts of equity do not grant such relief for the purpose of giving the defeated party a second opportunity to be heard on the merits of the case.' "

This was again stated in Reis v. LaPresto, Mo.Sup., 324 S.W.2d 648. See, also, Venegoni v. Giudicy, Mo.App., 238 S.W.2d 17. If the foregoing were not the rule, litigation could be protracted to an absurd extent.

All of the alleged irregularities which Zeppenfeld is said to have committed were subject to the scrutiny of the Probate Court at the time the final settlement was presented, except for the refund of court costs which occurred after the approval of the settlement. This does not concern us

for it had nothing to do with the approval of the final settlement, and money coming into the hands of the Executor after settlement may of course be recovered by action in the Probate Court. Section 473.600 RSMo 1959, V.A.M.S.

The petition quite obviously seeks to set aside the final order of the Probate Court approving the final settlement. It then seeks to litigate matters that should have been presented to the Probate Court at the time the final settlement was approved. The only allegation relating to the judgment is the averment, in paragraph 8, "that by concealing from the Probate Court of the City of St. Louis his fraudulent acts and breaches of trust, the said Robert M. Zeppenfeld induced the Probate Court to enter a judgment approving his final settlement on the 10th day of June, 1958." The allegations set out in paragraphs 5, 6, and 7 of the petition, if sufficient to constitute fraud, do not charge fraud upon the court.

■ In passing upon the sufficiency of the petition to state a cause of action, the facts alleged are taken to be true. This is such an established rule that no citation of authorities is necessary. The rule, however, relates only to the facts pleaded, and not to the pleader's conclusion. Miller v. Ste. Genevieve, Mo.Sup., 358 S.W.2d 28; Lewis W. Thompson & Co. v. Conran-Gideon Special Road Dist., 323 Mo. 953, 19 S.W.2d 1049; Bernhardt v. Long, 357 Mo. 427, 209 S.W.2d 112.

■ The facts of an alleged fraud must be pleaded, and the allegations of the petition here considered, as they relate to any fraud upon the court, fail to state facts from which it may be concluded that the matters complained of were not before the court. There are no facts pleaded to support the conclusion that matters were concealed from the court. We must therefore disregard the conclusions pleaded and hold that the petition fails to state a cause of action. Miller v. Ste. Genevieve, supra; Lewis W. Thompson & Co. v. Conran-Gide-

on Special Road Dist., supra; Bernhardt v. Long, supra.

We find that the Chancellor properly dismissed the petition as it states no cause of action, and the judgment is affirmed.

J. MORGAN DONELSON and JACK P. PRITCHARD, Special Judges, concur.