Dorine VAN BERG, Plaintiff-Respondent,

v.

Frank KOCH and Florence Koch, his Wife, d/b/a June's Beauty Service, Inc., Defendants-Appellants.

No. 32465.

St. Louis Court of Appeals.

Missouri.

March 21, 1967.

Edward O. Hancock, St. Louis, for defendants-appellants.

Ziercher, Tzinberg, Human & Michenfelder, George J. Bude, Clayton, for plaintiff-respondent.

DOERNER, Commissioner.

Plaintiff instituted this action in the Magistrate Court of St. Louis County to recover for rent alleged to be due under a written lease. Defendants admitted execution but denied the indebtedness and pleaded in bar fraud in the procurement of the lease. Before the case was tried plaintiff amended her petition so as to extend the period during which defendants had allegedly failed to pay rent and to pray for a judgment for $1150 in lieu of $800. Trial to a jury resulted in a verdict and judgment in favor of plaintiff for $1150, from which defendants appealed to the Circuit Court. While the case was pending in that court the plaintiff, on motion and over defendants' opposition, was permitted to similarly amend her petition, which increased the amount sought to

$2,000. A jury was waived and the case tried to the court, resulting in a judgment for plaintiff for the amount prayed, from which defendants prosecute this appeal.

■ The first two points raised by defendants present nothing for review. Defendants' initial complaint is that error was committed in permitting plaintiff to twice amend her petition in the respects stated. Defendants' only after-trial motion is titled, "Motion to Set Aside Judgment and to Enter Judgment in Favor of Defendants." The allegation of error now claimed was not stated therein and hence was not presented to the trial court or preserved for our review. Civil Rule 79.03, V.A.M.R.; State v. Keiter, Mo., 394 S.W.2d 399; Runnion v. Paquet, 241 Mo. App. 112, 233 S.W.2d 803.

■ Defendants next contend that the court erred in overruling their oral motion to dismiss plaintiff's case at the close of plaintiff's evidence because the evidence was insufficient to show the amount claimed to be due. After the court overruled defendants' motion they introduced evidence on their behalf. Defendants are therefore not in a position to complain. For the rule is that when a motion such as theirs, equivalent to one for judgment, is made and denied at the close of the plaintiff's evidence the error, if any, of such ruling is waived by the introduction of evidence thereafter by the party making such motion. Wilt v. Waterfield, Mo., 273 S. W.2d 290. The fact is, however, that no error was committed because the plaintiff's testimony (subsequently corroborated by the defendants) was sufficient to show that the amount of rent due under the lease and remaining unpaid was $2025, and by her pleadings plaintiff had voluntarily given defendants a credit of $25.00.

Defendants also orally moved for a dismissal of plaintiff's action at the close of the whole case, on the grounds of plain-

tiff's alleged misrepresentation in the procurement of the lease, and assign the courts denial of their motion as their final point. The record discloses that plaintiff's commercial building, numbered 6559 University Drive, in St. Louis County, is located at the intersection of University Drive and an alley. The building is situated on the edge of a residential neighborhood bounded on the north by Delmar Boulevard, on the south by University Drive, on the east by Melville Avenue, and on the west by Big Bend Boulevard. Delmar, Melville and Big Bend are public thoroughfares, but University Drive, which extends from Big Bend eastwardly for three or four blocks, where it dead-ends at the alley, is a private street. Pershing, Waterman and Kingsbury, the intermediate east-west streets between University and Delmar, are also private streets, as are Trinity and Kingsland, the intermediate north-south streets between Big Bend and Melville.

Defendants operate several beauty shops, and leased the premises in plaintiff's building for that purpose. Their evidence was that the first time they inspected the store they drove south on Melville from Delmar, made a jog onto the alley, and then south in the alley to the building; and that when they left on that occasion they drove west on University to Big Bend. At Big Bend they noticed a traffic barrier, called a "horse," sitting lengthwise on University. The next day they went back to the building by driving eastwardly on University Drive from Big Bend, and as they turned onto University they saw a sign which read "Private-No Thoroughfare." The interval of time which elapsed between the second of their two inspection trips and the date on which the lease was signed was not stated, but Koch testified that, "It worried us whether we could get in or out after seeing all the chains up here"; and that on the day they executed the lease they first inquired of plaintiff about the sign and barrier. According to Koch,

plaintiff said, " * * * 'you can get through there at all times.' " Mrs. Koch's version of plaintiff's statement was that, " * · * * you would have no problem getting in University Drive at any time, you could always get in or out." Both stated that they relied on plaintiff's statement in executing the lease. While Koch testified on direct that he was not too familiar with that particular neighborhood he admitted, on cross-examination, that he had driven on Big Bend between University Drive and Delmar Boulevard on numerous occasions over the years, that he had noticed chains and barricades up on the private streets, and that he had such knowledge at the time they signed the lease. Koch also admitted that although they became aware within a week after executing the lease that University Drive and the other private streets were closed off from time to time, which made access to their shop difficult, they paid their rent promptly as it fell due from September 1, 1962 through March, 1964, and continued to occupy the premises until June, 1964, when they moved out. The record is totally devoid of any evidence that they ever complained or protested to the plaintiff regarding her alleged representation, nor does it show that they gave any reason for removing at the time they did so.

█ No findings of fact or conclusions of law were requested or made, and the trial court found the issues generally in favor of the plaintiff. In such a situation all fact issues are " * * * deemed found in accordance with the result reached." Civil Rule 73.01(b), V.A.M.R.; McCullough v. Newton, Mo., 348 S.W.2d 138. It is evident from the result reached that the trial court rejected defendants' defense of fraud on the part of plaintiff. By the rule referred to we are required to review a case such as this upon both the law and the evidence as in suits of an equitable nature, but admonished that the judgment should not be set aside unless clearly erroneous. Civil Rule 73.01(d); Terry v. City of Independence, Mo., 388 S.W.2d 769.

█ The elements necessary to sustain a plea of fraud are so well-known as not to require enumeration. Yerington v. Riss, Mo., 374 S.W.2d 52; Lowther v. Hays, Mo., 225 S.W.2d 708; 37 C.J.S. Fraud § 3, pp. 215, 216. Proof of each element is essential, either to make a submissible case in an action for fraud, Yerington v. Riss, supra, or to establish it where it is pleaded as a defense to the plaintiff's suit. Lewis W. Thompson & Co. v. Conran-Gideon Special Road Dist. of New Madrid County, 323 Mo. 953, 19 S.W.2d 1049. Among the other essential elements which one who asserts fraud must prove are the hearer's ignorance of the falsity of the representation and his reliance on its truth. As was said by this court in Maupin v. Provident Life & Accident Ins. Co., Mo.App., 75 S. W.2d 593, 596: "Deception is the very essence of actionable fraud. A false representation of a material fact made for the purpose of deceiving is not sufficient; it must appear that it accomplished its purpose, that is, that it did in fact deceive. In other words, it must appear that the person to whom it was made was ignorant of its falsity and relied on its truth."

█ Assuming that plaintiff made the statement attributed to her by defendants; and assuming further, without deciding, that it was a representation of a then presently existing fact rather than a mere expression of an opinion or a statement as to the expectation of future events, Lowther v. Hays, supra, a careful consideration of the record convinces us that defendants were not deceived by plaintiff's statement and that they did not rely upon it in executing the lease. Defendant Koch's testimony clearly showed that prior to the execution of the lease he was fully aware that University Drive and the intermediate streets

south of Delmar were private streets, and that he had long known they were closed to traffic from time to time by chains and barricades. It is inconceivable that defendants, thoroughly cognizant that plaintiff's building was located in a residential area of private streets, which they knew were intermittently closed, would not have known of the falsity of plaintiff's statement (if made), or that they would have relied upon it in the light of their knowledge. Our opinion in this regard is supported by defendants' conduct subsequent to their execution of the lease. They admitted that although they learned within a week of the intermittent barricading of Universiy Drive they continued to occupy the premises thereafter for 20 months, paid their rent promptly as it fell due from September 1, 1962 through March, 1964, and eventually removed from the premises all without any apparent complaint or protest regarding the alleged representation attributed to plaintiff. It may well be that their choice of location was a poor one and that the blockading of University Drive from time to time interfered with the access of their customers to their shop. But in the light of their own evidence it appears to us, and presumably appeared to the trial court, " * * * that the claim of false representation, reliance and damage was wholly 'an after thought,' arising subsequently as a defense * * *" to plaintiff's claim for the rent due under the lease. Lowther v. Hays, supra, 225 S.W.2d 1. c. 714.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.