Donna JOHNSON, Administratrix of the Estate of Samuel C. Cresswell, Deceased,

Plaintiff-Appellant,

and

William Johnson, Plaintiff,

v.

GREAT HERITAGE LIFE INSURANCE CO., a corporation, Defendant-Respondent,

and

DeVille Motors, Inc., Defendant.

No. 34434.

Missouri Court of Appeals, St. Louis District,

Division Two.

Jan. 23, 1973.

John A. Schneider, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for plaintiff-appellant.

Gordon G. Hartweger, Guilfoil, Symington & Petzall, St. Louis, for defendant-respondent Great Heritage Life Ins. Co.

H. Jackson Daniel, Clayton, for defendant DeVille Motors, Inc.

KELLY, Judge.

The question presented in this appeal is whether the plaintiff-appellant, Donna Johnson, hereinafter referred to as appellant, in her petition stated a claim upon which relief can be granted against the defendant-respondent, hereinafter referred to as the respondent.

Appellant has filed a total of three amended petitions in the trial court and takes this appeal from the judgment of the trial court dismissing amended Count I of appellant's petition on the grounds that it fails to state a claim upon which relief

could be granted. The trial court, in its order sustaining respondent's motion, also provided that "Order of Dismissal shall be deemed a final separate judgment for purposes of appeal."

The issue has not been raised by either party in their briefs, but respondent's counsel in the presentation of his argument did question whether or not this was an appealable order. We are duty bound to determine whether or not a final, appealable judgment has been entered in this case. Rakestraw v. Norris, Mo.App., 469 S.W.2d 759, 761(1); Dudeck v. Ellis, Mo., 376 S. W.2d 197, 204(1); Pizzo v. Pizzo, 365 Mo. 1224, 1227, 295 S.W.2d 377, 379(1).

■ The general rule is that to be final and appealable, a judgment must dispose of all parties and all issues in the case and leave nothing for future determination, unless the trial court has ordered a separate trial of any claim or issue, or has specifically designated the particular judgment as a final judgment for the purposes of appeal. State ex rel. Schweitzer v. Greene, Mo., 438 S.W.2d 229, 231(3).

Donna Johnson, administratrix of the estate of Samuel E. Cresswell, her late father, and William Johnson jointly filed a petition in two counts. In Count I, the only Count with which we are here directly concerned, is one wherein the plaintiff brought suit against the Great Heritage Life Insurance Company alleging that on or about the 30th day of September, 1969, the decedent, Samuel C. Cresswell, purchased a 1964 Monitor Mandalay 24' trailer from the DeVille Motors, Inc. for a time balance price of $4,757.20 and as part of said transaction also paid to the seller $217.86 for transmission to the Great Heritage Insurance Company for credit life insurance to pay any unpaid balance due on the trailer at the time of his death; that she "verily believes" that a policy of insurance was issued by the defendant, being No. CA 40677, at the request of DeVille Motors, Inc., in consideration of the premium paid by the deceased, whereby the respondent agreed to pay the holder of the indebtedness against the trailer at the death of decedent the balance unpaid on the said indebtedness, to-wit: $4,357.20. Appellant further pleaded that the decedent "became the third-party beneficiary of the" insurance contract, and her cause of action is based upon the policy of insurance "purported to have been issued by the defendant Great Heritage Life Insurance Co. to DeVille Motors, Inc. or to Samuel C. Cresswell." That if DeVille Motors, Inc. has or claims any interest in the policy of insurance it has failed and refused to assert the claim for the benefit of the appellant and against the insurance company. She then alleges that the insurance company has wrongfully and vexatiously refused to pay the life insurance and asks for judgment against the insurance company for $4,357.20 with interest from the 23rd day of October, 1969,—the day Mr. Cresswell died—ten percent (10%) as damages for vexatious refusal to pay, and reasonable attorney fees in the amount of $2,500.00.

Count II of the petition, which is germane here only because of our ruling on the question of whether the case is properly before this court on appeal, alleges that the sole plaintiff in that count, William Johnson, adopts all of the allegations of Count I against "the defendant DeVille Motors, Inc." and then further pleads that he, at the request of Mr. Cresswell and the insistence of the defendant DeVille Motors, Inc., co-signed the note given by Mr. Cresswell for the sale of the trailer thereby becoming liable thereon in the amount of $4,357.20; that he co-signed the note on the assurance and reliance that credit life insurance would be purchased and would not have co-signed the note but for said assurance; in the event the credit life insurance was not purchased by the defendant DeVille Motors, Inc., or was not issued, then defendant DeVille Motors, Inc. is liable to him in the amount of $4,357.20.

■ It is axiomatic that a judgment in order to be final and appealable must

dispose of all parties and all issues in the cause, leaving nothing for future determination. See many cases cited in 2 Missouri Digest, Appeal and Error, Key Nos. 76(1), 79(1) and 80(1). In the absence of specific statutory authority, appeals do not lie from rulings which do not constitute a final disposition of the cause, for the reason that cases are not to be brought to the appellate courts in piecemeal fashion or detached portions. Orf v. Computer Institute, Inc., Mo.App., 480 S.W.2d 73, 74(1). The finality of judgments for the purposes of appeal must be determined by the situation as it exists in the trial court at the time the appeal is sought and not by what may or may not thereafter occur in the appellate court. Ramatowski v. Ramatowski, Mo.App., 414 S.W.2d 827, 829(4). What is or is not a final judgment so as to be appealable depends upon the circumstances of each individual case. Clasen v. Moore Brothers Realty Company, Inc., Mo.App., 413 S.W.2d 592, 597(2).

The trial court saw fit to make its order of dismissal a "final separate Judgment for purposes of appeal." Objections of failure to state a claim upon which relief can be granted may be raised by motions to dismiss when the basis for the objection appears on the face of the pleadings. Rule 55.33 V.A.M.R. Any involuntary dismissal other than for lack of jurisdiction, for prematurity of action or for improper venue shall be with prejudice unless the court in its order of dismissal shall otherwise specify. Rule 67.03 V.A.M.R. It is clear from this Rule and the order of the court dismissing appellant's Count I—wherein Donna Johnson, Administratrix is the only plaintiff and the only defendant is Great Heritage Life Insurance Co.—that it was the intention of the trial court to make this an appealable judgment.

We find authority for such action in Title Insurance Corporation of St. Louis v. United States, Mo.App., 432 S.W.2d 787, a case involving the foreclosure of deeds of trust in which the respective rights of holders of the deeds of trust and the United States, as the holder of a tax lien on the same property were in issue. Title Insurance Company moved for summary judgment claiming priority over the other claimants; the United States, by countermotion, agreed that there was no dispute on the facts and the only question for determination was one of law. The trial court sustained plaintiff's motion for summary judgment and specifically designated its order a final judgment for the purposes of appeal; the appeal followed, and the respondent—the plaintiff in the trial court—moved to dismiss the appeal on the ground that it was an appeal from an interlocutory order which had not disposed of all issues and was, therefore, premature. This Court held that Title Insurance Corporation of St. Louis was correct in its contention that not all the claims were disposed of in the cause and that the general rule is that a final appealable judgment is one which disposes of all parties and issues in the case; we, however, relied on Rule 81.06 (now Rule 82.06) V.A.M.R. and more particularly that portion of the Rule permitting the trial court to specifically designate a judgment as final for purposes of appeal. There we said, 432 S.W.2d 790:

"*In effect, the hearing on the Respondent's motion for summary judgment was a separate trial before the court without a jury and the trial court has designated this judgment as a final one under this rule.* The judgment entered does make a complete determination as to the rights of the Respondent as against all other parties and as rendered does establish the priority of the Respondent's claim. The conflicting claims of the remaining parties may be resolved in a separate hearing. The trial court and not the reviewing court has the discretion to designate this order as a 'final judgment' and it has properly done so here." (Emphasis supplied.)

The judgment of the trial court here disposes of the rights of the two parties to Count I of the petition and so far as they are concerned there are no issues

pending. "In effect, the hearing on the" defendant's motion to dismiss for failure to state a claim for which relief could be granted against said defendant "was a separate trial before the court without a jury" and the judgment was made appealable by the trial court. We find therefore that we have jurisdiction to proceed with the issue raised by the plaintiff in this appeal and shall move ahead to dispose of it.

■ Appellant contends that her petition alleges a contract between the decedent and the defendant insurance company which the estate is entitled to enforce and that it further alleges a contract in which the decedent and plaintiff are third party beneficiaries and upon which plaintiff is entitled to recover. In sustaining respondent's motion to dismiss the trial court did not specify on what theory it based its ruling, and we must assume therefore that it was on the only grounds specified in the respondent's motion.

Rule 55.06 V.A.M.R. states that a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled; and if a recovery of money is demanded, the amount must be stated. Rule 55.05 V.A.M.R. states that each averment of a pleading shall be simple, concise and direct, and no technical forms of pleading are required. Rule 55.12 V.A.M.R. states that a party may set forth two or more statements of a claim alternately or hypothetically, either in one count or in separate counts, and when two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. Rule 55.15 V.A.M.R. provides that it shall be sufficient to aver the ultimate fact of the capacity of a party to sue in a representative capacity. Rule 55.24 provides that whenever a claim is founded upon any written instrument the same may be pleaded according to legal effect. And Rule 55.26 V.A.M.R. requires all pleadings to be so construed as to do substantial justice.

■ Where a petition is attacked by a motion to dismiss for failure to state a claim the mere conclusions of the pleader are not admitted. Tolliver v. Standard Oil Company, Mo., 431 S.W.2d 159, 162(2). However, in passing on the sufficiency of the petition the facts alleged are taken to be true and the pleader is entitled to all favorable inferences fairly deducible therefrom. Parker v. Sherman, Mo., 456 S.W. 2d 577, 578 [2]; Reis v. Travelers Indemnity Company, Mo.App., 366 S.W.2d 11, 14(3); Travelers Indemnity Company v. Chumbley, Mo.App., 394 S.W.2d 418, 419(2), 19 A.L.R.3d 1043. If the facts pleaded and the reasonable inferences to be drawn therefrom, looked at most favorably from the plaintiff's viewpoint show any ground for relief, then the petition should not be dismissed. Young v. Lucas Construction Company, Mo.App., 454 S.W.2d 638, 641(5).

■ Reducing the appellant's petition to its simplest terms, she pleads:

1) that she brings this action as the administratrix of the estate of Samuel C. Cresswell, who died on October 23, 1969;

2) that on the 30th day of September, 1969, decedent purchased a trailer from DeVille Motors, Inc., for the time price of $4,757.20;

3) that as a part of that transaction decedent paid DeVille Motors, Inc. $217.86 for transmission to the Great Heritage Life Insurance Company, Inc., for credit life insurance to pay any unpaid balance due on the sale price should he die prior to payment in full;

4) that the Great Heritage Insurance Company *issued* its policy of insurance No. CA 40677 at the request of DeVille Motors, Inc. *for and in consideration of*

*the premium paid by the decedent* and thereby Great Heritage Life Insurance Company *agreed* to pay to the creditor any indebtedness existing at the time of decedent's death;

5) that the unpaid balance amounting to $4,357.20 remains unpaid and the insurance company refuses to pay the amount of the life insurance or any part thereof to satisfy the outstanding debt, and

6) that as a result thereof she has been damaged.

 "It is necessary and sufficient to state a cause of action ex contractu that the declaration, petition, or complaint show the making and existence of a valid and enforceable contract between plaintiff and defendant, the right of plaintiff and the obligation of defendant thereunder, a violation thereof by defendant, and damages resulting to plaintiff from the breach." 17A C.J.S. Contracts § 533, pp. 1028–1029. Credit life insurance policies are valid in this State and are therefore enforceable by the parties. Where, as here, the debtor furnishes the consideration the interest of the creditor is limited to the amount of the debt at the time of the debtor's demise, and any excess recovered by the creditor is held as trustee for the estate of the in-

sured. Strode v. Meyer Bros. Drug Co., 101 Mo.App. 627, 634, 74 S.W. 379, 381.

 Appellant has alleged that "if the defendant, DeVille Motors, Inc. has or claims any interest under said policy of life insurance, it has failed and refused to assert the claim for the benefit of the plaintiff and against the said Great Heritage Life Insurance Company." Upon the death of the insured debtor the creditor has the option of accepting the insurance proceeds and satisfying the debt, or it may proceed against the estate of the deceased debtor. Sachs v. United States, C.C.A. 8, 412 F.2d 357, 365 [7]. As administratrix of the deceased debtor the appellant stands in the shoes of her decedent, and therefore has a right under the contract as alleged to require performance by the insuror to retire the debt she avers is still outstanding. We conclude, therefore, that appellant states a cause of action sufficient to withstand attack in the nature of a motion to dismiss for failure to state a claim upon which relief can be granted.

The judgment of the trial court dismissing appellant's petition is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

SMITH, P. J., and SIMEONE, J., concur.